The State vs. Wall.

----

STATE OF MISSOURI, APPELLANT, VS. WALL, RESPONDENT.

1. Indictments may be sometimes quashed for causes not appearing on the face; and it is proper that the action of the court, and the grounds thereof, be made part of the record, by bill of exceptions.  It does not follow that every motion made in a cause becomes part of the record, because the clerk, in copying the proceedings, may insert it.

## APPEAL from Stoddard.

LACKLAND, for the State.

The indictment substantially sets forth the offence as described in the act creating it.

It charges the defendant at &c., on &c., as a lawyer, being employed, did practice the law in part, for a livelihood, without license, &c.

It is submitted, that this indictment sets forth to a reasonable intendment the facts constituting the offence, therefore the court erred in quashing it.

In an indictment for a statute offence, it is sufficient if the offence is substantially set forth, though not in the exact words of the statute: U. S. vs. Bachelder, 2 Gallis. 15.

In general, an indictment need not adopt the very words of the statute; the same in substance, to a reasonable intendment, is sufficient: State vs. Little, 1 Tenn. 331.

A variance between the language of the statute creating the offence, and the indictment, will not vitiate the indictment if the words used are equivalent to those in the statute: State vs. Hickman, 3 Halst. 299.

An indictment for a statute offence, which substantially adopts the language of the statute is good: State vs. Blackf. 548.

ENGLISH, for respondent.

The indictment in this case is clearly bad.  It does not pursue the words of the statute creating the offence charged.  Being merely *malum prohibitum*—an offence created merely by

OCTOBER TERM, 1851. 209

Tagart, adm'r of Slone, vs. The State of Indiana.

statute—the words of the law should have been strictly pursued,Chit. Crim. L. 282; 5 Mo. R., 358–9, State vs. Comfert.

The object of the statute clearly was, to tax only such as followed "the practice of the law for a livelihood and as a business." The indictment does not bring the defendant within this description. For aught that appears in it, he may not have followed the practice of the law "as a business" and "for a livelihood." He therefore could have been guilty of no offence. For the courts will not create and punish offences by construction and mere intendment. This would violate the fundamental maxim that all are considered as innocent until the contrary be shown.

No exceptions to the judgment of the court were preserved: State vs, Honnar, 10 Mo. 466.

RYLAND, J., delivered the opinion of the court.

The defendant, Richard Wall, was indicted by the grand jury of Stoddard county at the September term of the circuit court, 1850, for practicing law for a livelihood, without first having obtained a license therefor, under the statute passed in February, 1847, entitled an "act to sustain the credit of the State."

The defendants appeared and moved the court to quash the indictment; which motion was sustained, and the circuit attorney excepted to the opinion of the court, but filed no bill of exceptions, and afterwards brings the case to this court by appeal.

That indictments may be sometimes quashed for causes not appearing on their face, see 2 Gallison's Reports; 364; 1 Chitty's Criminal Law, p. 319, (in note;) State vs. Cain & Price, 1 Hawk's Reports, 352. It is proper that the action of the court and the grounds thereof be made part of the record by bill of exceptions.

It does not follow that every motion made in a cause becomes part of the record, because the clerk in copying the proceedings should insert such motions: See United States vs. Gamble & Bates, 10 Mo. R., 457.

There being no bill of exceptions in this case, we will not disturb the judgment of the court below. My brother judges concurring herein, the judgment is affirmed.