CHRISTY'S ADMINISTRATOR, Defendant in Error, *vs.* MYERS, Plaintiff in Error.

1. The supreme court will not interfere with the discretion exercised by the court below in refusing to set aside a judgment by default for failure of attorney to file answer, unless it can clearly see that it has been abused.

2. Motions are no part of the record, unless made so by bill of exceptions.

### *Error to St. Louis Circuit Court.*

This was an action upon a note. Judgment by default was rendered for want of an answer. Afterwards, the defendant's

attorney filed a motion to set aside the default, and in support thereof, filed his affidavit, stating that an answer was prepared and sworn to by the defendant, denying the execution of the note, and left with him to be filed, but that he was detained in the country by sickness until it was too late to file the answer in time. The motion was sustained and leave granted to file an answer instanter. No answer being filed, another judgment by default was taken, and another motion to set the same aside was filed, supported by the attorney's affidavit, stating that he could not be present when the former motion was decided. The second motion was sustained on the 19th of December, as stated in the record, and the cause continued until the first Monday in February following. On the 10th of January, an entry was made on the record, vacating the last entry, and ordering the motion to be sustained *on condition* that the defendant admitted a *prima facie* case. A trial by jury resulted in a verdict for the plaintiff, and the defendant brought the case here by writ of error. The motions were set out in the record, but no bill of exceptions was saved.

*Lewis & Henning*, for plaintiff in error.

*Comfort & Manter*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This case presents no question worthy of the consideration of this court. Were we to consider all the motions and affidavits which the clerk has thought proper to copy into the transcript, as part of the record of this case, it would only present then the mere question of discretionary action on the part of the court below. We cannot see, in this case, an abuse of this discretion, calling for the action of this court for its correction. The matter of setting aside a judgment by default, upon the application of the attorney, for the failure to file an answer for his client, is so peculiarly within the discretion of the court, that this court must see an abuse clearly of this power, before we will reverse. But it is needless to say any thing further on

this subject. There is no bill of exceptions in this transcript showing that any thing was excepted to, or any objection taken and saved below. "It is an invariable presumption of this court, that the proceedings of inferior courts are correct unless the contrary appears. He who seeks to reverse them, must put his finger on the error committed by them. Although a motion is set out by a clerk in the record, that does not make it a part of the record. A motion is no part of the record, and it can only be made so by incorporating it into a bill of exceptions." ( *United States* v. *Gamble & Bates*, 10 Mo. Rep. 459.)

The judgment below is affirmed; the other judges concurring.