G. B. & B. G. LOUDON, Defendants in Error, v. KING & STARNS, Plaintiffs in Error.

1. A motion to set aside a judgment by default is no part of the record, unless made so by the bill of exceptions.
2. No finding of facts is necessary upon an assessment of damages after a judgment by default.

*Error to McDonald Circuit Court.*

*Gardenhire,* for plaintiffs in error.
*F. P. Wright,* for defendants in error, cited 20 Mo. 263; 10 Mo. 257.

RYLAND, Judge, delivered the opinion of the court.

This was an action for a bill of drugs and medicines, furnished by plaintiffs, as they allege, to the defendants. The defendants failed to appear and answer, though they were served with process. Judgment was rendered against the defendants by default; and the plaintiffs not requiring a jury, they submitted the inquiry of damages to the court. The court assessed the damages of the plaintiffs at the sum of one hundred and twelve dollars and fifty cents. This judgment by default was rendered at the November term of the Circuit Court, for the county of McDonald, in the year 1854. At the May term, 1855, the defendants made their motion to set aside the judgment by default: the court overruled this motion. There are no exceptions taken to any action of the court; no bill of exceptions filed; and yet the defendants have brought this case here by writ of error.

It is not every motion made in a cause that becomes part of the record, even though the clerk should put it down among the proceedings. In order therefore to put the motion made in this case to set the judgment aside on the record, so as to become a part thereof, it was necessary to do so by excepting to the overruling of the motion by the court, and having a bill of exceptions signed, stating that fact. Nothing is saved on this record by which the defendants can raise a question in this court.

Their counsel here insists, that the court failed to find the facts of the case. To that we answer, the court was not trying any issue, as is provided for in the fifteenth article, second section, of the Code of Practice; but was merely assessing the damages, as it was lawful to do, when the plaintiffs submitted the finding of damages to the court, without a jury, under the 12th article of the Code. There is nothing in the transcript showing any error committed by the court, in overruling the defendant's motion, even if we consider the motion and action on it as forming part of the record proper

in the case. No error has been insisted upon before us, except the failure of the court to find the facts; which is not necessary in this case, as there was a judgment by default.

The judgment below, must be affirmed; Judge Leonard concurring. Judge Scott absent.