————o————

Jno. W. Brown, Adm'r of the Estate of Thomas Kirkpatrick, deceased, Plaintiff in Error, vs. E. L.Foote, et al., Defendants in Error.

1. *Practice, civil—Dismissal—Reinstatement.*—After the dismissal of a cause, it is competent for the court during the same term to reinstate the case.
2. *Motion—When part of the record.*—A motion is no part of the record unless made so by a bill of exceptions.

*Error to Johnson Circuit Court.*

*Pickerell & Blackford,* for Defendants in Error.

*Ladue & Fyke,* for Plaintiff in Error.

Sherwood, Judge, delivered the opinion of the court.

Action in the Henry County Court of Common Pleas, brought by Thomas Kirkpatrick against E. L. Foote and others, composing the firm of Foote & Heller, for goods, wares, &c., sold and delivered to said firm. Kirkpatrick having died, the action was revived in the name of his administrator, the present plaintiff, John W. Brown. After such revivor the parties announced themselves ready for trial, and a jury was impaneled, but the plaintiff for some cause did not proceed, nor offer any evidence in support of the allegations of his petition. The jury was discharged, the cause dismissed, and a judgment for costs rendered in behalf of the defendants. At the same term, at which the order of dismissal was entered.

the cause was on motion of plaintiff reinstated on the docket at the costs of the plaintiff. It was perfectly competent for the court to make such an order, as every thing is in the breast of the court during the term, and this order certainly operated to set aside any judgment for costs which had been rendered in favor of the adverse party. Besides, the record shows that the defendants appeared at the time the order to reinstate was made, and saved no exceptions; and this clearly was a waiver on their part, and they could not afterwards be heard to object.

At the next term a change of venue was granted defendants, on their application, to the Circuit Court of Johnson county. When that court became possessed of the cause, the defendants appeared and moved the court to dismiss the cause.

This motion was sustained and the cause dismissed. What the grounds of that motion were, we are left to conjecture, for a motion, as has been time and again decided by this court, is no part of the record unless incorporated in a bill of exceptions. (London vs. King, 22 Mo., 336; State vs. Batchelor, 15 Mo., 208; 10 Mo., 457; Christy's Adm'r vs. Meyers, 21 Mo., 112.)

And, although the clerk has copied the alleged motion in the transcript, we cannot notice it for the above stated reasons.

The plaintiff filed no motion to reinstate the cause after it was thus dismissed, nor did he preserve by a bill of exceptions the motion filed by the defendants.

Under these circumstances, it is utterly impossible for us to examine into the correctness of the action of the court below however erroneous that action may have been; and the judgment of the court must therefore receive our sanction and be affirmed. All the judges concur.