The State v. Vincent.

THE STATE v. VINCENT, *Appellant.*

1.  **Criminal Practice** : MOTION TO DISMISS INDICTMENT.  A motion to dismiss an indictment must be preserved in the bill of exceptions, or the action of the court therein will not be reviewed.

2.  ———— : SECOND INDICTMENT.   Where a new indictment is filed, for the same offence, the first one shall be deemed to be suspended by the second, and shall be quashed.  R. S., sec. 1808.

3.  ———— : ————.  It is immaterial, in proceedings upon the second indictment, whether the first be, in fact, quashed, or not.

4.  **Indictment** : PRESENTMENT IN OPEN COURT.   The record of the court held to show that the indictment was presented by the foreman of the grand jury in open court.

5.  ———— : ————.   Where the recital in the first count of an indictment is to the effect that "the grand jurors of the state of Missouri, within and for the body of the city of St. Louis, now here

in court duly empanelled, sworn, and charged, upon their oaths, present," and, in the third count, recites : "and the grand jurors aforesaid, upon their oath aforesaid " ; *held,* that the recital in the third count sufficiently refers to the first count, and shows, on its face, not only that the jurors were duly empanelled and sworn, but that they were empanelled and sworn to inquire of offences within and for the city of St. Louis.

6. ———— : ————. The omission would not have been fatal if the indictment had failed to allege that the grand jurors were empanelled, sworn, and charged. R. S., sec. 1821.

7. **Check.** An order drawn by a bank upon another bank, for the payment of a sum certain to a named person, and payable instantly, on demand, is a check.

8. ————. It is none the less a check because drawn by a bank.

9. **Indictment**: REVISED STATUTES, SECTION 1388 : FORGED CHECK. An indictment of one, under section 1388, Revised Statutes, for having in his possession a forged check, knowing the same to be forged, with the intent to utter and pass the same as true and genuine, need not allege that he indorsed the check.

10. **Criminal Practice** : REVISED STATUTES, SECTION 1388. Nor is it necessary, on the trial, to prove that defendant endorsed the check. While proof to that effect would be strong evidence, tending to show an intent to pass or utter, and to defraud, that is not the only means by which such proof can be made.

*Appeal from St. Louis Criminal Court.*—HON. G. S. VAN WAGONER, Judge.

AFFIRMED.

*J. C. Fisher* for appellant.

(1) The indictment must state that the grand jury was "duly empanelled and charged to inquire within and for the body of the city of St. Louis," and true presentment was made, etc. R. S., sec. 1774 ; Const. Mo., art. 2, sec. 12. (2) The instrument forged is a draft, not a check. The indictment does not follow the statute, and charges no offence against the laws of the state. *State v. Carpenter,* 62 Mo. 594 ; R. S., secs. 1386, 1388. (3) The indictment does not state with sufficient partic-

ularity the part of the check forged. *State v. Slay*, 3 Stew. [Ala.] 123; R. S., sec. 1388; 57 Mo. 243; 62 Mo. 40; 86 Mo. 33. (4) The instrument, not having been endorsed by defendant, could not have been offered as a true and genuine check. *State v. Hardy*, 20 Me. 81; *Haslip v. State*, 2 Neb. 115; *State v. Fay*, 65 Mo. 490; *State v. Chamberlain*, 75 Mo. 382. (5) The indictment does not state that the city of St. Louis is in the state of Missouri. *State v. Cutter*, 65 Mo. 503. (6) The record does not show the presence of all the grand jurors, when the indictment was presented to the court. Whar. Crim. Law [3 Ed.] 150, 154. (7) The defendant was not required, under the law, to plead to a second indictment, while the first was still pending. (8) The record does not show that the defendant was present during the first part of the trial. *State v. Barnes*, 59 Mo. 154; *State v. Barrett*, 63 Mo. 300; *State v. Able*, 65 Mo. 37; *State v. Allen*, 64 Mo. 67; *State v. Dooley*, 64 Mo. 146.

*B. G. Boone*, Attorney General, for the state.

(1) The third count of the indictment upon which defendant (plaintiff in error) was convicted, was drawn under section 1388, Revised Statutes, and complies with the substantial requirements of the statute. Kelley's Crim. Law, p. 384, sec. 693; *State v. Fisher*, 65 Mo. 439, and cases cited; *State v. Pullens*, 81 Mo. 387. (2) The right of the state to find a second indictment against a defendant, for the same offence, is distinctly recognized by statute. Upon the finding of the second, the first is to be deemed suspended, and should be quashed. This may be done on the motion of the accused, or on the court's own motion, but whether it is quashed or not, is a matter of no consequence in the prosecution of the second indictment. R. S., sec. 1808; *State v. Eaton*, 75 Mo. 586.

BLACK, J.—The defendant was indicted and con-

victed under section 1388, Revised Statutes, for having in his possession a forged check, knowing the same to be forged, with intent to utter and pass the same as true and genuine. Numerous objections are made to the record, and what is hereafter said will be in answer to them.

1. The motion to dismiss, on the ground that there was an indictment pending against the defendant for the same cause when this one was found, and which was overruled, is not preserved in any bill of exceptions; nor does it appear that any exception was taken to the action of the court. It has been several times held that a motion to quash an indictment must be thus preserved, or the action of the court thereon will not be reviewed. *State v. Thurston*, 83 Mo. 271; *State v. Gee*, 79 Mo. 313; *State v. Wall*, 15 Mo. 208. With much greater reason should such a motion as this be made a part of the record by a bill of exceptions. It may, however, be stated that the statute recognizes the right of the state to file a new indictment for the same offence, and declares that the one first found shall be deemed to be suspended by the second, and shall be quashed. R. S., sec. 1808. It is a matter of no consequence, in proceedings upon the second indictment, whether the first be in fact quashed or not. *State v. Eaton*, 75 Mo. 586.

2. The record shows that the grand jurors were sworn, and, having received their charge, retired to consider, etc., and under a subsequent date it recites: "On this day the grand jury return to the bar, and, through their foreman, deliver the following indictment as a true bill, to-wit." This shows clearly enough that the indictment was presented by the foreman in open court, and is in full compliance with section 1797, Revised Statutes. It was not necessary that the names of the jurors should be again repeated.

3. The recital in the third count, "and the grand

jurors aforesaid, upon their oath aforesaid," sufficiently refers to the first count, wherein it is stated that "the grand jurors of the state of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged upon their oaths present," etc. The indictment, therefore, shows on its face, not only that the jurors were duly impaneled and sworn, but that they were impaneled and sworn to inquire of offences within and for the city of St. Louis. Had the indictment failed to allege that the grand jurors were impaneled, sworn, or charged, the omission would not have rendered the indictment invalid. R. S., sec. 1821.

4. It sufficiently appears from the words of the first count of the indictment before quoted, that the city of St. Louis is within the state of Missouri, and the words of the third count, "at the city of St. Louis aforesaid," show that the offence charged was committed in the state of Missouri.

5. The instrument set out in the indictment, both by its purport and its tenor, is in the following words and figures :

"No. 56094.        UNION NATIONAL BANK,
        "NEW ORLEANS, February 23, 1884.
" *The National Park Bank, New York,*—
        "Pay to the order of George A. Vincent, sixty-five hundred dollars ($6500).
                "S. CHALARON, Cashier.'

It is contended that the instrument is a draft, or bill of exchange, and not a check, as alleged in the indictment. It is an order drawn upon a bank for the payment of a sum certain to a named person, and is payable instantly on demand. In legal effect it purports to be drawn on funds of the maker in the bank. It is, therefore, according to the definition, or description, given by Mr. Daniel, a check. Daniel on Neg.

Ringo v. The St. Louis, Iron Mountain & Southern Ry. Co.

Inst. [3 Ed.] sec. 1566. Had it been drawn by an indi-- vidual upon a bank, and not by one bank upon another, there could be no doubt but it would be properly desig- nated a check. But it is none the less a check because drawn by a bank. Morse on Banks & Banking [2 Ed.] 164. Such instruments, it is believed, are well known as bankers' checks.

6. It is true the indictment does not allege that the defendant had endorsed the checks, nor was it necessary that it should have so stated. The statute (R. S., sec. 1388) declares, so far as applicable to this case, that every person who shall have in his possession any such falsely-made, altered, or forged check, knowing the same to be falsely made, altered, or forged, with intent to utter, or pass, the same as true, or to cause the same to be uttered, or passed, with intent to defraud, shall, etc. The offence under this statute was clearly made out without the allegations that defendant had endorsed the check; nor was it necessary to make proof of that fact. Proof that it had been endorsed by the defend- ant would be strong evidence tending to show an intent to pass, or utter, and to defraud, but that is not the only means by which such proof can be made.

Other matters are urged for a reversal of the judg- ment, but they are either founded upon a mistake as to what the record shows, or as unsubstantial as those before noted. The judgment is, therefore, affirmed. All concur.