The City of St. Louis v. Pahl.

The City of St. Louis, *Plaintiff in Error*, v. Pahl *et al.*

### Division One, February 6, 1893.

1. **St. Louis Charter**: JURISDICTION OF POLICE COURTS: APPEAL. The charter of the city of St. Louis gives to the police courts of the city jurisdiction of all cases arising from violations of the city ordinances, with the right of appeal to the court of criminal correction where trial *de novo* is had, as in cases of appeal from justices' courts.

2. **Practice in Supreme Court**: APPEAL: EXCEPTIONS. On appeal or writ of error from the St. Louis court of criminal correction to the supreme court, nothing can be reviewed except the action of the former court; and the ruling of the court of criminal correction on a motion to quash is a matter of exception, and, when not questioned in that court, cannot be reviewed in the supreme court.

*Error to St. Louis Court of Criminal Correction.*

Writ dismissed.

*W. C. Marshall* for plaintiff in error.

*Louis A. Steber* for defendants in error.

Brace, J.—On the twenty-fifth of April, 1888, the following complaint was filed in the second district police court of the city of St. Louis:

"*Christian Pahl and Henry Pahl (C. Pahl & Bro.) To the City of St. Louis, Dr.:*

"To $500 for the violation of an ordinance of said city, entitled, 'An ordinance in revision of the ordinances of the city of St. Louis, and to establish new ordinance provisions for the government of said city;' being ordinance number 14,000, chapter 14, article 10, sections 418, 419, approved April 12, 1887;

"In this, to-wit: In the city of St. Louis, and state of Missouri, on the twenty-first day of April,

1888, and on divers other days and times prior thereto, the said Christian Pahl and Henry Pahl, under firm name of C. Pahl & Bro., the defendant being the owner, agent, lessee, tenant and occupant of premises in city block number 1347 in the city of St. Louis, and state of Missouri, on the twenty-first day of April, A. D. 1888, did then and there fail and refuse, and had at that time failed and refused to comply with an order of the health commissioner, in and for the city of St. Louis, which said order was issued against and legally served upon said defendant on the fifth day of January, A. D. 1888, commanding the said Christian Pahl and Henry Pahl, within five days from the service thereof, to abate a certain nuisance then and there existing in and upon said premises, to-wit, the operation of brick kilns, by discontinuing the burning and manufacturing of brick at the above described place, and did then and there fail and neglect within the time specified in said notice, and has up to this twenty-fifth day of April, 1888, failed and refused to show good cause to said board of health and said health commissioner why they, the said defendants aforesaid, could not or ought not to comply with the said order; said brick kilns so owned and operated by defendant as aforesaid, and situated on the property as aforesaid, having been declared officially and of record by said board of health to be a nuisance and detrimental to the public health.

"Contrary to the ordinance in such case made and provided. On information of Charles W. Francis, Chief Sanitarian Officer.

"JAMES J. BUTLER,

"City Attorney of the City of St. Louis."

Afterwards, on the thirteenth of June 1888, the defendants were tried in said police court on this complaint before a jury, found guilty and fined $20,

and on the same day took an appeal from the judgment rendered against them for the amount of such fine and costs to the St. Louis court of criminal correction, in which court, on the twenty-sixth of July, 1888, they filed a motion to quash the complaint and the proceedings therein, which motion was sustained by the criminal court, and the defendants discharged. This was the only action taken in or by said court.

To the action of the court in sustaining the motion to quash, no objection was made, no exceptions taken and no motion in arrest or for a new trial thereafter made, or bill of exceptions filed. But the record of the court of criminal correction is brought here by writ of error.

By the charter of the city of St. Louis, jurisdiction over all cases arising from a violation of city ordinances is given to the police courts with a right of appeal to the St. Louis court of criminal correction, in which court the case is tried *de novo* as in case of appeals from justices' courts. Charter, art. 4, sec. 25; 2 Revised Statutes, 1889.

On appeal or writ of error from the court of criminal correction to this court, nothing can be reviewed except the action of that court. The motion to quash and the ruling of the criminal court thereon were matters of exception, and that ruling, not having been questioned or excepted to in the trial court cannot be questioned here. *State v. Vincent*, 91 Mo. 662; *State v. Gee*, 79 Mo. 313; *Jefferson City v. Opel*, 67 Mo. 394; *Loudon v. King*, 22 Mo. 336; *Christy's Adm'r v. Meyers*, 21 Mo. 112; *United States v. Gamble*, 10. Mo. 459; *Kohn v. Lucas*, 17 Mo. App. 29.

Finding nothing to review on this record, the writ will have to be dismissed, and it is accordingly so ordered. All concur.