CITY OF COLUMBIA, Plaintiff in Error, v. J. S. DORSEY, Defendant in Error.

Kansas City Court of Appeals, December 2, 1895.

1. **Appellate Practice:** MOTION TO QUASH INFORMATION: EXCEPTIONS. The appellate court can not view the action of the trial court sustaining a motion to quash information unless an exception was saved at the time of the action.

2. **Trial Practice:** MOTION TO QUASH INFORMATION: INDICTMENT. A motion made in the circuit court on appeal to quash an information originating in the city court is to be viewed in the same light as the motion to quash an indictment.

3. ———: ACTIONS ON MOTIONS: EXCEPTIONS. Where certain causes are disposed of on motions or demurrers, no bill of exceptions or motion for new trial may be necessary; still the necessity of taking exceptions at the proper time continues.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*J. S. Banks* and *Webster Gordon* for plaintiff in error.

(1) The court erred in sustaining defendant's motion to quash the complaint on the first ground of objection because the information failed to specify the quantity and kind of intoxicating liquors alleged to

have been sold by defendants. *State v. Baskett*, 52 Mo. App. 389; *State v. Hendrix*, 98 Mo. 374; *State v. Nixdorf*, 46 Mo. App. 494; *State v. Pittman*, 76 Mo. 56. (2) An indictment which charges the defendants with having made several sales of intoxicating liquors at the same time charges but one offense. *State v. McAdoo*, 80 Mo. 216; *State v. Atkins*, 40 Mo. App. 344; *State v. Heinze*, 45 Mo. App. 403; *State v. Healy*, 50 Mo. App. 249; *State v. McGrath*, 73 Mo. 181; *State v. Findley*, 77 Mo. 338; *State v. Clawson*, 30 Mo. App. 139. (3) The court erred in sustaining defendant's motion to quash the complaint or information herein on the third ground of objections, ''because the city of Columbia had no power or authority to enact the ordinance upon which said information and complaint are based.'' (4) The court erred in sustaining defendant's motion to quash the complaint or information herein as to the fourth ground of objection urged by them ''because said ordinance and the several sections thereto upon which said information and complaint are based are not in conformity with the statutes of this state upon the same subject, either in the substantial provisions thereof or in the penalty thereto affixed.'' *Kansas City v. Hallett*, 59 Mo. App. 160, and cases cited, and *Kansas City v. Shearer*, decided at the October term, 1894, and not yet published. *St. Louis v. Schoenbusch*, 95 Mo. 618.

*Turner, Hinton & Turner* for defendant in error.

The plaintiff in error is hardly in a position to have a review of the action of the lower court in sustaining the motion to quash, since no exception thereto was noted at the time or preserved by the bill of exceptions. *Ryan v. Growney*, 125 Mo. 474; *Tobacco Co. v. Walker*, 123 Mo. 662; *St. Louis v. Pahl*, 114 Mo. 32; *State v.*

*Henderson,* 109 Mo. 292; *St. Louis v. Brooks,* 107 Mo. 380; *State v. Harvey,* 105 Mo. 316; *State v. Gee,* 79 Mo. 313; *Hammett v. Trueworthy,* 51 Mo. App. 281; *Gorwyn v. Anable,* 48 Mo. App. 297.

GILL, J.—This action originated in the recorder's court of Columbia, and is for the prosecution of defendant for the violation of a city ordinance. When the case got into the circuit court, to which it was appealed from the city court, defendant filed a motion to quash the information, basing said motion on several distinct grounds not necessary to state. From a judgment sustaining this motion to quash, the plaintiff city has appealed.

At the threshold, defendant insists that plaintiff is not entitled to be heard on the court's action in sustaining the motion to quash, since it failed to except to the ruling of the court at the time said ruling was made. The record before us sustains this contention. It shows that when the court below heard and passed on the motion to quash, the plaintiff did not except to the court's action, but, in effect, voluntarily submitted thereto. It is true that plaintiff afterward filed and had allowed a bill of exceptions, in which the court's ruling on the motion to quash was noted, and that plaintiff, within four days thereafter, filed its motion for a new trial, and that this motion for a new trial was overruled and excepted to. But it is nowhere shown that plaintiff, *at the time the motion to quash was ruled on,* excepted to the court's action. In the absence of such exception—made, too, at the time of the court's ruling—it is settled that plaintiff has no right to have the matter reviewed here. *Hammett v. Trueworthy,* 51 Mo. App. 281; *Gorwyn v. Anable,* 48 Mo. App. 297; *State v. Harvey,* 105 Mo. 316; *State v. Gee,* 79 Mo. 313; *City of St. Louis v. Brooks,* 107 Mo. 380; *City of St.*

*Louis v. Pahl*, 114 Mo. 32; *State v. Henderson*, 109 Mo. 292; *State v. Thurston*, 83 Mo. 271; *State v. Vincent*, 91 Mo. 662; *Loudon v. King*, 22 Mo. 336; *Lemp v. Pfund*, 21 Mo. 114; *State v. Wall*, 15 Mo. 208; 1 McQuillin, Pl. and Pr., sec. 938 *et seq.*

This motion to quash the information is to be viewed in the same light as a motion to quash an indictment. *St. Louis v. Pahl, supra.* In that case it was said: "The motion to quash and the *ruling of the criminal court thereon* were matters of exception, and that ruling, not having been questioned or excepted to in the trial court, can not be questioned here."

The mere copying the motion to quash into the bill of exceptions, as was done here, does not entitle the plaintiff to have the action of the trial court reviewed. The ruling of the court made thereon was not *excepted* to, and hence the appearance of the motion without an exception saved presents no question for our consideration. We are here to pass on *exceptions* saved during the course of the trial below, and have no concern with matters to which the litigants submitted without exception. Where a party even objects to a proposed motion of his adversary, and then, when the ruling is adverse to his contention, he fails, at the time, to except, such party is deemed to have waived his objection and to submit to the court's action.

In *State v. Harvey*, 105 Mo. 316, the bill of exceptions, and even the record proper, contained a copy of a motion for new trial, but the appellant had failed in the trial court to save an exception at the time, to the overruling of the motion. And in that case, the court uses this language: "There is a copy of the motion for a new trial copied into the record proper and again in the bill of exceptions, but it has no place in either. The motion for new trial is no part of the record proper and we can not conceive how, in the nature of things,

it has a place in a bill of exceptions, unless the overruling of it formed the basis of an exception and such an exception was actually taken and saved, when the motion was overruled."

Since this case was submitted, plaintiff's counsel have referred us to certain Missouri decisions, which seem to hold that where certain causes were disposed of on motions or demurrers, no bill of exceptions or motions for a new trial were necessary, etc. It must be admitted that in this matter there is some confusion and apparent conflict. But we deem it unnecessary to follow up these authorities and attempt any explanation. It is not required in the decision of the matter now in hand. It has been uniformly held in this state that the motion to quash an indictment or criminal information is not a part of the record proper and can only be brought up for review by its incorporation in the bill of exceptions and thereby being made a part of the record. See authorities before cited. But whether this be correct or not, we may well say, as was said by Judge BLACK in the *Brooks case* (107 Mo. 38): "The fact, however, that a motion for new trial is unnecessary does not dispense with the necessity of taking the exception at the proper time. The exception must be taken *at the time the ruling complained of is made,* the same as in other cases. This is the settled practice and ought not to be disturbed."

The judgment will be affirmed. All concur.