FORCE v. VAN PATTON et al., Appellants.

### Division Two, May 9, 1899.*

1. **Appeals:** MOTION: NOT PRESERVED. The appellate court can not review an order on a motion, unless the motion is preserved in the bill of exceptions.

2. ————: QUASHING EXECUTION: TITLE TO REAL ESTATE. A motion to quash an execution issued on a judgment enforcing a mechanic's lien is not a case involving title to realty, within the constitutional provision declaring that appeals may lie to the Supreme Court where title to realty is involved; since, to give the court jurisdiction, a contest, such as an action of ejectment to remove cloud or set aside a conveyance must arise.

3. **Execution:** SETTING ASIDE SALE: AT NEXT TERM. A motion to set aside a sale under execution is too late after the term at which the sale occurs has passed; the remedy being by bill in equity.

4. **Appeals:** EXECUTION: AMOUNT INVOLVED. The jurisdiction of the court as to the amount involved in a proceeding on a motion to set aside an execution is regulated by the face of the execution.

*Transferred from Kansas City Court of Appeals.*

REMANDED.

KINLEY & KINLEY and JONES & JONES for appellants.

We desire to suggest that this case was improperly certified to this court by the Kansas City Court of Appeals, and it should therefore be remanded to said court for the following reasons: 1, the amount involved in this controversy is only $663.25 and less than $2,500; 2, the amount determined by the court below, was a motion to quash an execution issued on judgment enforcing a mechanic's lien, before any sale thereunder; 3, the controversy between appellants and respondent does not involve the title to real estate.

*NOTE.—Decided March 28, 1899.   Motion for rehearing denied May 9, 1899.

Fischer v. Johnson, 139 Mo. 433; Price v. Blankenship, 144 Mo. 203.

N. F. HEITMAN and DEATHERAGE & YOUNG for respondent.

For the convenience of the court we herewith print respondent's motion, statement and argument for rehearing filed in the Kansas City Court of Appeals. We have bound it and "respondent's additional abstract and brief" together. The motion to transfer was based on two grounds, to wit: First, this is a case involving the title of real estate; second, the amount in dispute, exclusive of costs, exceeds the sum of $2,500. The motion to transfer is typewritten, and appears among the files of this court. The court of appeals was so clearly right in deciding that it had no jurisdiction that we do not deem it necessary to print the motion to transfer, and the authorities cited in support thereof. We respectfully refer the court to the typewritten motion to transfer in support of this court's jurisdiction. This court's jurisdiction is thoroughly argued and is abundantly supported by the authorities cited in said typewritten motion.

SHERWOOD, J.—This cause has been transferred by the Kansas City Court of Appeals to this court on the ground that it involves the title to real estate. In order to determine whether this be so will be the subject of the present inquiry.

On August 7, 1890, a judgment was rendered before Allen, justice of the peace, in favor of one Rettig and against one Van Patton, and also against others who were interested in certain real estate covered by said mechanic's lien, and who afterwards received deeds from Kinley, the purchaser of said real estate on an execution issued on a judgment rendered by Allen, for the sum of $49.90, and for the enforcement of his mechanic's lien against certain real estate.

On the thirtieth of September, 1890, Rettig filed a trans-. cript of his judgment in the circuit clerk's office.

On February 26, 1892, execution issued on' said transcript judgment, requiring the sale of the interest of Van Patton and other parties in the land bound by such mechanic's lien.

On March 23, 1892, the sheriff sold the property in question to Kinley, making him a deed therefor on March 31, 1892, for the sum of $50, and he, in turn, sold to certain other parties and made them a deed for the land thus bought.

Two years thereafter, to wit, August 9, 1894, an execution issued out of the clerk's office of the circuit court for the sum of $663.25 in favor of Charles E. Force and against Van Patton and also against others who were interested in the litigated property, and who had received deeds from Kinley. This execution was issued on a judgment rendered on the tenth day of March, 1891, in the circuit court of Jackson county in favor of Force also to enforce a mechanic's lien. It seems that the mechanic's lien of Force was of equal value and validity to that of Rettig.

After the issuance of this execution, defendants filed a motion to quash the execution issued on Force's judgment. This motion was denied by the circuit court and defendants appealed to the Kansas City Court of Appeals, where the judgment was reversed, the cause remanded and the lower court directed to grant the motion. The motion in this case was not preserved in the bill of exceptions, and according to the rulings of this court, unless such motion is preserved in the bill, there is nothing for the appellate court to review. [Railroad v. Carlisle, 94 Mo. 166; State v. Gee, 79 Mo. 313; Estey v. Post, 76 Mo. 411; Corby v. Tracy, 62 Mo. 511; Brown v. Foote, 55 Mo. 178; Loudon v. King, 22 Mo. 336; Christy v. Myers, 21 Mo. 112.] The absence of this motion, then, constitutes a sufficient objection to considering any

question connected with the consideration of such motion; for what were the grounds thereof, who can tell?

But even if the motion were preserved as above indicated, still its consideration would not involve the title to real estate, and for these reasons: First. We have frequently decided that in proceedings to enjoin sales of land under execution on the ground that such sales would cast a cloud on the title, and that in suits to foreclose mortgages, suits to enforce mechanic's liens, suits on special tax bills, were not "cases involving the title to real estate." [State ex rel. v. Court of App., 67 Mo. 199, and cases cited, and subsequent cases.] Here, the proceeding is a motion to quash an execution issued on a judgment rendered to enforce a mechanic's lien, and of course can occupy no higher plane than would a proceeding to enjoin the foreclosure of a mortgage or enjoin the enforcement of mechanic's or an attachment lien.

Second. In order to give this court jurisdiction; to furnish a case "involving title to real estate," it is absolutely necessary that some sort of contest arise, as by an action of ejectment, a bill to remove a cloud on title, a bill to quiet title or to set aside a conveyance, etc., etc. [Paving Co. v. Hezel, 138 Mo. 228, and cases cited. See, also, Blondeau v. Sheridan, 103 Mo. 134; Hilton v. City, 129 Mo. 389; Fischer v. Johnson, 139 Mo. 433; Price v. Blankenship, 144 Mo. 203.]

The case of Gray v. Worst, 129 Mo. 122, in which BARCLAY, J., delivered the opinion, has been cited as one "involving the title to real estate," but it does nothing of the kind. "That case was an action for the conversion of a crop which has been severed from the realty. It sounded in damages, and could only be satisfied by the payment of money. Yet it was held that it involved the title to real estate." The above quotation is made from the case of Price v. Blankenship, *supra*, where the case of Gray v. Worst, was properly

overruled. · It had been previously overruled, however, as pointed out in the case last quoted from in Fischer v. Johnson, *supra*.

Such contest can not possibly arise merely by comparing the records in two suits to enforce mechanic's liens against the same lots of ground, in both of which suits judgments had been rendered, and in one of which execution had been issued and a sale of the land had occurred and a deed made to the purchaser, and deeds by him to others, which is the present case.

Third.    Mention is made in the bill of exceptions about the sale aforesaid having occurred "at a grossly inadequate price, far below the real value of the property," etc., etc.; and the same idea is reiterated in the brief filed by plaintiff in this court.    Suppose the sale did occur in the circumstances aforesaid, what of that?   How are you going to reach that point in the present state of affairs and on the present record?    The well settled rule in this State is that after the term at which the sale occurs has passed, it is too late as a general thing to move to set aside the sale; and that the only way to reach the matter desired is by bill in equity. [Nelson v. Brown, 23 Mo. 13; Downing v. Still, 43 Mo. 309, and other cases.]    That rule applies to the circumstances of this case.    Here, there was not even so much as a motion to set aside the sale, and if there had been, it would have been unavailing.   Counsel, indeed, mention with all confidence the case of Davis v. McCann, 143 Mo. 172; but that was a bill in equity to set aside a sale and deed.   Counsel seem unable to distinguish that case from this one; there is a far cry between them.

Finally, it is asserted that this court has jurisdiction on the "money counts."   This position is also untenable.   The jurisdiction as to those counts is regulated and measured by the face of the execution.

For these reasons, inasmuch as this cause has been improvidently sent to this court, we remand it to the Kansas City Court of Appeals from whence it came. All concur.