# CASES DETERMINED

IN THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

### APRIL TERM, 1909.

---

*( Continued from Volume 219 )*

---

## THE STATE, Appellant, v. JOHN C. HAYES.

**Division Two, May 18, 1909.**

1. **APPEAL: By State.** An appeal by the State from the action of the trial court in sustaining defendant's objection to the introduction of evidence after the jury was impaneled and sworn, cannot be maintained. Even if the trial court had gone to the extent of declining evidence on the ground that the information was insufficient, and by order of record quashed the information, the State could not appeal.

2. ————: ————: **Discharge of Defendant.** Where the State, the only appellant, had no right to appeal, the appeal will be dismissed, but the defendant will not be discharged by the appellate court, for that court acquires no jurisdiction of the cause, and hence cannot review the record and determine whether or not defendant is entitled to a discharge.

Appeal from Ozark Circuit Court.—*Hon. A. W. Lincoln,* Special Judge.

APPEAL DISMISSED.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1) No appeal by the State lies from a judgment quashing an information. State v. Adams, 193 Mo. 199; State v. Beagles, 174 Mo. 627; State v. Rozelle, 174 Mo. 635; State v. Vanbrunt, 147 Mo. 20; State v. Carr, 142 Mo. 610; State v. Clipper, 142 Mo. 476; State v. Cornelius, 143 Mo. 180. (2) Where the State attempts to appeal in such case this court acquires no jurisdiction. State v. Cornelius, 143 Mo. 181; State v. Beagles, 174 Mo. 628. (3) Since the court does not acquire jurisdiction in such case, it is "forbidden to review the action of the circuit court" (State v. Beagles), and the motion of defendant in so far, at least, as it asks his discharge must be overruled.

FOX, J.—This cause is presented to this court upon appeal by the State. In 1908 the prosecuting attorney of Stone county filed an information charging the defendant with the offense of embezzlement. The regular judge of the Stone Circuit Court was disqualified and on February 18, 1908, the cause was set down for the March (1908) term of said court before the Hon. A. W. Lincoln, judge of the Greene Criminal Court, who was by the judge of the Stone Circuit Court requested to appear and try said cause. At the March adjourned term of the Stone Circuit Court, being May 18, 1908, Judge Lincoln sustained respondent's application for a change of venue, and sent the case to Ozark county for trial. In October, 1908, in the Ozark Circuit Court a continuance was ordered by agreement until December 14, 1908. On this last-mentioned date the defendant was arraigned and entered his plea of not guilty. The jury was impaneled and sworn. The defendant then filed a motion to quash the information, which was by the court taken up and overruled. Whereupon the trial proceeded, and at the very incep-

tion of the introduction of testimony on the part of the State the defendant objected to the introduction of any testimony in said cause, which objection the court sustained. The State refusing further to proceed, the defendant, by his counsel, requested the court to give a peremptory instruction, directing the jury to return a verdict of not guilty, which request was denied and the jury discharged. Defendant then filed a motion for his discharge, which the court overruled. The record then discloses that the State through its prosecuting officer, William E. Renfro, filed an affidavit for an appeal to the Supreme Court, which appeal was granted to this court, and the clerk was ordered to make out a full, true and complete transcript in said cause and forward the same to the clerk of the Supreme Court without any unnecessary delay.

This is a sufficient indication of the nature and character of this appeal.

## OPINION.

It is apparent from this record that the State, through its prosecuting officer, undertook to prosecute an appeal from the action of the trial court in sustaining defendant's objection to the introduction of evidence after the jury was impaneled and sworn.

Clearly the State had no right of appeal from the action of the court in that regard. If the trial court had gone to the extent of declining to hear evidence, on the ground that the information was insufficient, and by an order of record quashed the information, still, under the uniform rulings of this court the State has no right of appeal from a judgment quashing an information. [State v. Adams, 193 Mo. l. c. 199; State v. Beagles, 174 Mo. l. c. 627; State v. Rozelle, 174 Mo. l. c. 635; State v. Van Brunt, 147 Mo. 20;

State v. Carr, 142 Mo. 1. c. 610; State v. Clipper, 142 Mo. 1. c. 476; State v. Cornelius, 143 Mo. 1. c. 180.] There is no necessity for discussing this subject further. The learned Attorney-General, with commendable frankness, concedes that the right of appeal on the part of the State upon the disclosures of the record now before us, cannot be maintained. However, the respondent in this cause, who was the defendant in the lower court, filed his motion to dismiss the appeal and order the defendant discharged. Upon that motion it is sufficient to say that the motion to dismiss the appeal should be sustained, but the request in the motion to order the discharge of the defendant, we must decline to entertain. The State had no right of appeal; therefore, it logically follows that this court acquired no jurisdiction of said cause, and if the court is without jurisdiction it cannot undertake to review the record and determine whether or not the defendant is entitled to be discharged as requested in his motion for that purpose. With these views it is ordered that the appeal by the State be dismissed. All concur.