## THE STATE, Appellant, v. LUTHER McKAY.

### Division Two, February 12, 1910.

1. **APPEAL: By State: Information.** Prior to May 14, 1909, the State had no right to an appeal from an order and judgment quashing an information; and the act of that date has no application to an appeal taken before its approval.

2. ——: ——: ——: **No Bill of Exceptions.** If no bill of exceptions were filed by which the exceptions to the action of the trial court in sustaining the motion to quash the information were preserved, the ruling of the trial court in that matter cannot be reviewed by the Supreme Court upon appeal.

3. ——: ——: ——: **Motion for New Trial.** The action of the trial court in sustaining a motion to quash the information cannot be considered on appeal, by the State, unless there was a motion for a new trial filed in the trial court, in which that court's attention was called to the error complained of.

Appeal from Marion Circuit Court.—*Hon. David H. Eby,* Judge.

APPEAL DISMISSED.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1) This case seems to come within the rule laid down in the case of State v. Hayes, 220 Mo. 1, and cases cited. (2) And could this appeal escape the force of the decisions to which reference is made, another difficulty of quite serious nature would be met in the path to a reversal of this cause, i. e., the motion to quash, and the exception to the court's action thereon, are not preserved for review. State v. Tooker, 188 Mo. 444. (3) Could all these obstacles be overcome, another would arise. No motion for new trial, calling the lower court's attention to the error complained of, was filed and brought here.

*Ben F. Glahn* for respondent.

(1) This appeal should be dismissed for want of jurisdiction, because at the time the judgment of the circuit court of Marion county, Missouri, was rendered, quashing this information, the State had no right of appeal from a judgment quashing an information. R. S. 1899, secs. 2708 and 2709; State v. Hayes, 220 Mo. 1; State v. Adams, 193 Mo. 196; State v. Beagles, 174 Mo. 624; State v. Rozelle, 174 Mo. 632; State v. Van Brunt, 147 Mo. 20; State v. Cornelius, 143 Mo. 179; State v. Carr, 142 Mo. 607; State v. Clipper, 142 Mo. 474. It is true that Sec. 2709, R. S. 1899, as amended by the act of the Legislature approved May 14, 1909, Laws 1909, p. 461, gives to the State now the right to appeal from a judgment quashing an information, but as this appeal was taken and granted on the 8th day of February, 1909, and as the

amendatory act was not passed nor approved until after that date, said amendatory act could not give to this court jurisdiction of this appeal. To hold otherwise would make said amendatory act *ex post facto,* and in violation of both the Constitution of the United States, art. 1, sec. 10, and the Constitution of Missouri, art. 2, sec. 15. (2) But even if this court had jurisdiction of this appeal no exceptions were preserved in this case, and therefore there is nothing before the court for review, and the judgment would for this reason have to be affirmed. State v. Campbell, 141 Mo. 597; State v. Fraker, 137 Mo. 258; State v. Thurston, 83 Mo. 271; State v. Gee, 79 Mo. 313; State v. Russell, 69 Mo. App. 441; State v. Kitchen, 15 Mo. 207; State v. Fortune, 10 Mo. 466. A motion to quash an information or an indictment does not constitute a part of the record proper, and the motion in this case not having been preserved by bill of exceptions, the action of the trial court in sustaining the motion to quash, is not open to review in this court. State v. Coleman, 199 Mo. 112; State v. Finly, 193 Mo. 202; State v. Tooker, 188 Mo. 438; State v. Wilhoit, 142 Mo. 619; State v. Henderson, 109 Mo. 292. Recitals in the record cannot preserve mere matters of exception. State v. Price, 186 Mo. 140; State v. Tooker, 188 Mo. 438; State v. Fraker, 137 Mo. 258; State v. Wilhoit, 142 Mo. 619.

FOX, J.—This cause is brought to this court by appeal on the part of the State from an order sustaining a motion to quash an information which had been filed in this cause and discharging the defendant.

At the September, 1908, term of the circuit court of Marion county, Eugene W. Nelson, prosecuting attorney, filed an information charging defendant with having embezzled certain public moneys entrusted to his care in his official capacity as county clerk of

Marion county. The defendant was arrested, arraign-
ed and pleaded not guilty. Subsequently, by leave of
court, the plea of not guilty was withdrawn, and a
motion to quash the information filed, which the court
sustained and entered a judgment quashing the in-
formation and discharging the defendant. From this
judgment on February 8, 1909, the State, through its
prosecuting officer, appealed to this court.

No bill of exceptions preserving the action of the
court upon the motion to quash the information was
filed by the State.

This sufficiently presents the record in this cause.


OPINION.

I.

Under the law of this State at the time it was
sought by the State to appeal from the judgment in
this cause there was no right of appeal on the part
of the State from an order and judgment quashing
an information. This is conceded by the learned At-
torney-General wherein, with commendable frankness,
he admits that this case comes within the rule laid
down in the case of State v. Hayes, 220 Mo. 1, and
cases cited.

While it is true that section 2709, Revised Statutes
1899, as amended by the act of the Legislature ap-
proved May 14, 1909, Laws 1909, pp. 461-462, changed
the statute so as to give the State the right of ap-
peal from a judgment quashing an information, mani-
festly that amended statute has no application to this
case for the reason that this appeal was taken and
granted on the 8th day of February, 1909, and the
amendatory act was not passed nor approved until May
14, 1909; hence it necessarily follows that the amenda-
tory act could not give this court jurisdiction of that
appeal.

## II.

Even if it should be conceded that this court had jurisdiction of the appeal no bill of exceptions was filed by which the exceptions to the action of the trial court in sustaining the motion to quash the information were preserved; hence it follows that there is nothing before this court for review, and the judgment, if this court had jurisdiction, would have to be affirmed upon that ground. [State v. Fraker, 137 Mo. 258; State v. Tooker, 188 Mo. l. c. 444, 445.]

In State v. Fraker, supra, the question presented was substantially the same as the one in the case at bar, and in that case GANTT, P. J., speaking for this court, thus clearly and briefly treated this proposition: "This is an appeal by the State of Missouri from a judgment of the circuit court of Ray county quashing an indictment against the respondent. The indictment was discussed with much ability by both sides. The case has some very unusual features and has excited much interest, particularly in its legal aspects. The motion to quash the indictment was sustained. The prosecuting attorney filed no bill of exceptions and the motion to quash the indictment was not therefore made a part of the record. That we may not be misunderstood, we state that the clerk has copied the different motions to quash into the transcript certified to this court, and the record proper recites in the order overruling the motion that the prosecuting attorney at the time excepted to the ruling of the court, but this action of the clerk in voluntarily copying these motions into the transcript does not make them a part of the record in a legal sense, nor does the noting of the exception on the record proper preserve it for review by this court. The motion to quash must be preserved in a bill of exceptions or its sufficiency cannot be considered by this court. [State v. Fortune, 10 Mo. 466; State v. Wall, 15 Mo.

208; State v. Gee, 79 Mo. 313; State v. Thurston, 83 Mo. 271; State v. Vincent, 91 Mo. 662; State v. Henderson, 109 Mo. 292.]''

Again, as a reason why this question is not subject to review in this court, the record fails to disclose that any motion for a new trial, calling the lower court's attention to the error complained of, was filed.

We see no necessity for pursuing this subject further. The rules of law as herein indicated are practically conceded by the Attorney-General.

Entertaining the views as herein indicated, the appeal should be dismissed, and it is so ordered.

All concur.