A. B. KAMMANN, Respondent, v. CHRIS BIMMERLE PAINTING COMPANY, Appellant.

Springfield Court of Appeals, June 6, 1910.

APPELLATE PRACTICE: Record Proper: Bill of Exceptions: Motion to Quash Execution. A motion to quash an execution, and the action of the court thereon and the appellant's exceptions thereto, must be shown by a bill of exceptions, otherwise the appellate court is precluded from considering any question in connection with the action of the trial court on said motion.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey*, Judge.

AFFIRMED.

*John O. Marshall* for appellant.

*A. B. Kammann per se* and *David Murphy* for respondent.

The motion in the case was not preserved in a bill of exceptions, and unless such motion is preserved in a

bill of exceptions there is nothing for the appellate court to review. Force v. Patten, 149 Mo. 448; Railroad v. Carlisle, 94 Mo. 166; State v. Gee, 79 Mo. 313; Esty v. Post, 76 Mo. 411; Corby v. Tracy, 62 Mo. 511; Brown v. Foote, 55 Mo. 178; London v. King, 22 Mo. 336; Tarkio v. Clark, 186 Mo. 293.

NIXON, P. J.—This is an appeal from the action of the St. Louis City Circuit Court in overruling the motion of a garnishee to quash an execution which had been issued against it by the clerk of said court in a cause therein pending wherein appellant (here) was plaintiff and one Robert Gass was defendant.

The printed abstract furnished contains (1) the motion to quash, (2) the transcript of the judgment on which the execution was issued (which appellant states it offered in evidence below to support the motion to quash), (3) a recital that the motion to quash was overruled on the 15th day of June, 1908, and (4) that on June 23, 1908, appellant filed an affidavit and bond for an appeal in said cause, which was granted by an order made of that date.

No bill of exceptions appears to have been filed, nor is one referred to, and indeed nothing appears but what is detailed above.

Respondent has not briefed the case on its merits, but relies solely upon the contention that the motion, not having been incorporated in a bill of exceptions showing the overruling of the same and the exceptions thereto, is not reviewable by this court under the rules governing appellate practice.

Appellant strenuously contends that a motion to quash an execution is a part of the record proper and will be considered by the appellate court just as a demurrer is considered without being incorporated in a bill of exceptions.

The "record proper" has been defined, time without number, by the courts, and a motion to quash an execution is no part thereof. [Force v. Van Patten, 149 Mo. 446, 448, 50 S. W. 906; Corby v. Tracy, 62 Mo. 511.]. A motion is no part of the record and it can only be considered so by incorporating it into a bill of exceptions; although the motion is set out in the abstract of the record proper (as in this case) that does not make it a part thereof in the sense that it will be considered by the appellate court. [United States v. Gamble, 10 Mo. l. c. 459; Christy v. Myers, 21 Mo. 112; St. Louis v. Milligan, 18 Mo. 181; In re Webster, 26 Mo. App. 355; McNeil v. Insurance Co., 30 Mo. App. 306; Mockler v. Skellett, 36 Mo. App. 174; Monroe Bank v. Fink, 40 Mo. App. 367.] The failure of appellant to incorporate its motion to quash and the action of the court thereon in a bill of exceptions precludes this court from a consideration of any question in connection with the overruling of said motion. Finding no error in the record proper, the judgment is affirmed. All concur.