JAMES L. MCLAIN ET AL. V. LEONARD F. MARICLE ET AL.[*]

60b 353
s60 359

FILED JUNE 7, 1900.   No. 10,214.

1. Removal of Schoolhouse: INJUNCTION. In an action by injunction, brought to restrain officers of a school district from removing to another location a schoolhouse situated in said district, the right of plaintiffs to maintain the action is established, if it ap-

[*]Rehearing allowed. See case next following.

27

pear that they are resident taxpayers of the district, and the proposed removal, if unauthorized, would involve a waste and an unwarranted expenditure of public funds; and no other or greater interest need be shown.

2. **Electors:** QUALIFICATION. Under the provisions of section 4, subdivision 2, chapter 79, Compiled Statutes, 1899, defining the qualifications of voters at a meeting of the voters of a school district as follows, "Every person, male or female, who has resided in the district forty days and is twenty-one years old, and who owns real property or personal property that was assessed in the district in his or her name at the last annual assessment, in the district, * * * shall be entitled to vote at any district meeting," *held,* that the wife of a person owning a homestead on which the family were residing was not, by reason of her homestead interest, or "estate of homestead" in said land, an owner of real estate in said district within the meaning of said section.

3. ————: MAJORITY VOTE. Where the statute provides that a "schoolhouse site may be changed to a point nearer the geographical center of the district by a majority vote of those present," *held,* that of those present at such meeting at least a majority thereof must cast their votes in favor of the proposition to legally adopt it.

4. **Errors:** REVIEW: APPEAL. Alleged erroneous rulings in the trial of a case in the court below, regarding the rejection or admission of evidence, will not, in proceedings by appeal, be reviewed in this court. *Ainsworth v. Taylor,* 53 Nebr., 484, followed.

ERROR to the district court for Boone county. Tried below before KENDALL, J. *Affirmed.*

*H. C. Vail* and *Reeder & Albert,* for plaintiffs in error.

*Spear & Mack, W. M. Robertson, E. J. Clements* and *T. J. Doyle, contra.*

HOLCOMB, J.

Proceedings were instituted in the court below to restrain the defendants, who are school officers of school district No. 4 of Boone county, from removing the schoolhouse in said district to a point where, defendants claim, a relocation was had at an annual meeting of the voters of said school district held prior to the commencement

of the action. A temporary order of injunction was granted, and, upon a final hearing of the merits of the case, judgment was rendered dissolving the injunction and dismissing the action. From this judgment the plaintiffs appeal.

It is contended by counsel for defendants that the petition for an injunction is without merit, and does not show such interest in the subject-matter of the action by plaintiffs as entitles them to maintain an equitable action, such as is sought to be maintained by these proceedings. We do not think the contention well taken. The plaintiffs are shown to be residents and taxpayers of the school district, and as the contemplated removal of the school building to the new site, if unauthorized, would be an unwarranted and unlawful expenditure of the public funds of the district, they have such an interest in the matter as will entitle them to bring a suit, one of the objects of which is to prevent such an unwarranted expenditure, and no other interest is required to be alleged. *Solomon v. Fleming*, 34 Nebr., 40; *Normand v. Commissioners of Otoe County*, 8 Nebr., 18. At the annual school meeting at which the vote on relocating the school site was taken there were, according to the evidence, twenty-seven votes cast in favor of the proposed location and twenty-six in the negative. It is pleaded in the answer, and the allegation is supported by the evidence, that the proposed location was nearer to the geographical centre of the school district than was the site where the school building then stood. Some evidence is brought into the record tending to show that at the annual meeting a year prior to the one in question some action was taken regarding a relocation, which, if it establishes the fact that a valid relocation was then had, the last relocation would not be nearer the geographical centre, and a two-thirds vote would be necessary to effect a valid removal to the location in controversy. The pleadings raise no issue as to any prior attempt to relocate the school site, other than the one in controversy; nor is there sufficient evidence from which

the conclusion can be drawn that such was the case. That some action was taken at a prior meeting upon the subject of a relocation is apparent from the evidence, but whether this only authorized the school officers to investigate the subject, or was in the nature of a preliminary action with a view of later on submitting the question to the voters, or was a direct vote on the proposition of removal, is something we can not determine from the record. Certain it is that it can not be said from what is before us that there was in the district, at the time the vote was taken which is made the subject of this litigation, any other site than that where the building was then situated, and which was treated by the patrons of the district as the lawful location. It is very evident that this was the view of the parties to this action, in making up the issues and submitting evidence in support thereof. Hence we dismiss this phase of the case from further consideration. The statute regulating the subject of a relocation or removal of a school site is as follows: "The qualified voters in the school district, when lawfully assembled, shall have power * * * to designate a site for a school house, by a vote of two-thirds of those present, and to change the same by a similar vote at any annual meeting; *Provided*, That in any school district where the school house is located three fourths of one mile or more from the center of such district, such school house site may be changed to a point nearer the geographical center of the district by a majority vote of those present at any such school meeting." Compiled Statutes, ch. 79, subdiv. 2, sec. 8.

It is urged by the plaintiffs that no valid relocation was accomplished, for the reasons following: First, it is claimed that in order to effect a relocation there must be a majority of those present and qualified voting in favor of the proposition before it can be said to be lawfully carried. In this we hold counsel to be right. The statute says: "such school house site may be changed to a point nearer the geographical center of the district by a major-

ity vote of those present." This, we think, is capable of but one construction, and that is, of those present entitled to vote upon the question, at 'least a majority thereof must cast their votes in favor of the proposition. The views thus expressed seem to us to be in harmony with the decisions of this court upon kindred provisions of the statute relative to the submission of different propositions to a vote of the people.

It is next contended that, there being three women present, who, it is claimed, were qualified voters, and who did not vote, the motion to relocate the school site did not receive the majority required by statute. We are of the opinion that counsel are in error in the views expressed as to the persons mentioned being qualified voters. Their right to vote is based on their homestead right in and to real estate occupied by them with their husbands, it being admitted that the legal title to the lands rests in their husbands, and that they possessed no other interest therein save their statutory homestead right. Counsel says: "Our contention is that their homestead interest in the lands of their respective husbands made them owners of real property within the meaning of the statute." We do not think the homestead right or interest of a wife in lands owned by her husband constitutes her as "one who owns real property in the district," within the meaning of section 4, subdivision 2, chapter 79, Compiled Statutes, fixing the qualifications of the voters in a school district at a meeting of the electors thereof.

The homestead right, or "estate of homestead," is a special or particular interest in real estate created by statute, and the character of the interest thus acquired has a marked variance in the different states. The primary object to be attained under the different homestead statutes is to preserve in the owner and his family, or those dependent upon him for support, the homestead, free from forced or involuntary sale, or from otherwise dispossessing the occupants thereof against their will and consent. Its provisions are restrictions and limitations

against alienation. It is said the title is burdened or incumbered by the homestead right, but otherwise remains unchanged. Says Waples in his work on Homestead and Exemption, p. 121: "The husband conveys no land to his wife by declaring homestead; he lets her in to equal control as to alienation, and equal right to enjoyment and to that protection which the law gives to all homestead holders. But when the state's purpose, relative to homestead conservation, has been accomplished, the land title is as before." Under the laws of this state, the wife succeeds to an estate for life in the homestead of her deceased husband (Compiled Statutes, 1899, ch. 36, sec. 17), and we think the view generally obtains that she has a freehold estate therein; but this interest, in our judgment, does not constitute her the owner of real property within the meaning of the statute. The homestead estate of the surviving wife is, by the authorities, quite generally regarded as analogous to the right of dower, which the wife possesses in the lands which her husband died seized of. Waples, Homestead & Exemption, sec. 3, p. 260; also, *Holbrook v. Wightman*, 31 Minn., 168, 172, wherein it is said: "We think, therefore, that the plainer and less artificial construction of the language is that the survivor takes a life-estate in the homestead premises analogous to that of dower, and we believe this to be the construction which is generally placed upon it by those charged with the duty of executing the law;" citing Potter's Dwarris, Statutes, 179, note; *Edwards' Lessee v. Darby*, 12 Wheat., 206, 210. It will not, we apprehend, be seriously contended that the inchoate right of dower of the wife in her husband's lands constitutes her an owner of real estate within the meaning of the section referred to. The word "owner" ordinarily has a well understood and clearly defined meaning. An owner is "he who has dominion of a thing, real or personal, corporeal or incorporeal, which he has a right to enjoy and do with as he pleases,—even to spoil or destroy it, as far as the law permits, unless he be prevented by some agreement or covenant which

restrains his right." Bouvier's Law Dictionary; *Turner v. Cross*, 18 S. W. Rep. [Tex.], 580; *Johnson v. Crookshanks*, 21 Ore., 339. The limitations and restrictions thrown around the control and alienation of the homestead do not, in our judgment, change the general rule as to the ownership thereof, or constitute the joint occupant an owner of the premises in the ordinary and general acceptation of the term, nor within the purview of the legislation providing for homesteads and their conservation. Without pursuing the inquiry further, or entering into an extended discussion of the proposition, we are content to express ourselves as being clearly of the opinion that counsel's contention in this respect is untenable.

It is also urged that the trial court erred in its ruling in respect to the admission of evidence as to the alleged want of proper qualification of one of the persons present and who voted in favor of the relocation of the school site at the annual meeting heretofore spoken of, and that the case ought to be reversed for that reason and remanded for a new trial. It is sufficient to say regarding this contention that upon appeal, as in the present case, this court will not review alleged errors committed in the trial court in the rejection or admission of evidence offered upon the trial of the case therein. *Ainsworth v. Taylor*, 53 Nebr., 484; *National Life Ins. Co. v. Martin*, 57 Nebr., 350; *Te Poel v. Shutt*, 57 Nebr., 592; *Troup v. Horbach*, 57 Nebr., 644.

The judgment of the lower court is right and should be

AFFIRMED.