MAMIE KENNELL ET AL., APPELLANTS, V. MYRON G. RANDALL, APPELLEE.

FILED MAY 17, 1905.   No. 13,785.

Appeal: REVIEW. Alleged erroneous rulings in the trial of a case in the court below regarding the rejection or admission of evidence will not, in proceedings by appeal, be reviewed in this court.

APPEAL from the district court for Nemaha county: JOHN S. STULL, JUDGE. *Affirmed.*

*Ed M. Tracy* and *Neal & Quackenbush,* for appellants.

*George W. Cornell, contra.*

DUFFIE, C.

In the month of November, 1847, one Judson Brown died intestate in the state of Wisconsin. He was possessed of 120 acres of land, and left surviving him Ellis Brown, a son, and Polly M. Brown, his widow. The widow afterwards married one M. G. Randall, and is hereafter spoken of as Polly M. Randall. After her second marriage she gave birth to Myron G. Randall, the appellee. Sometime after the death of her first husband, a life interest in 40 acres of the land of which he died possessed was as-

signed to her as her dower in his estate, the son Ellis
Brown being entitled to the remainder after her death.
The petition alleges that the widow was anxious to dis-
pose of the 40 acres of which she was endowed, and that
she made an oral agreement with her son, Ellis Brown, that
if he would consent to a sale of this 40 she would invest a
portion of the consideration received in cheap Nebraska
lands, taking a life interest to herself in the lands so pur-
chased, with remainder over to her son; that on this
agreement the son consented to a sale of the Wisconsin 40,
and that the widow purchased the northeast quarter of
section twenty-three (23), township four (4) north, range
fourteen (14) east of the 6th P. M., in Nemaha county,
Nebraska, taking the deed in her own name; and that she
continued to hold said land until November, 1900, and a
short time prior to her death, when she made a voluntary
conveyance to Myron G. Randall, the appellee. It is fur-
ther alleged that the appellants are the children and only
heirs at law of Ellis Brown, and the prayer of the petition
is for a finding and decree that Mrs. Randall held the land
above described in trust for Ellis Brown and his heirs,
subject to her life estate, and that the appellants be de-
clared the owners thereof.

The answer, among other matters, alleges that Mrs.
Brown sold her dower interest in the Wisconsin land to
her son Ellis Brown for the sum of $1,000, which she took
to her own use and benefit as her own individual money;
that prior to her death Mrs. Randall deeded to her two
children Thyrza E. Fryer, nee Randall, and to the ap-
pellee all of her real estate, and that the northeast quarter
of section 23, with other lands, was deeded jointly to ap-
pellee and his sister; that afterwards they divided said
land, he becoming the owner of the northeast quarter, pay-
ing his sister $1,250 as the difference in the value of that
tract over what he had quitclaimed to her, and that Mrs.
Randall left a last will bequeathing to him and his sister
all her real estate and personal property, to be divided
between them, share and share alike, subject to certain

legacies mentioned in the will. There is also a general denial in the answer.

In support of the allegations of the petition the appellants called as a witness Mrs. Mary Tyson, the mother of the appellants and widow of Ellis Brown, who, since the death of her first husband, has intermarried with one Tyson. After stating that the 40 acres of which Mrs. Randall was endowed in Wisconsin had been sold, that she was a party to the sale, and that a deed had been made which closed the transaction, she was asked to tell the court what the transaction was; and, upon the court sustaining an objection to the question, the appellants made the following offer: "Plaintiffs offer to show by this witness that at the time of the transfer of the dower interest of Polly M. Randall in the Wisconsin land it was a part of the transaction, and this witness signed the deed finally conveying the premises involved therein upon the express understanding and agreement upon the part of the said Polly M. Randall that a portion of the proceeds of the sale of said premises was to be invested in Nebraska land for the benefit of Ellis Brown and his heirs, in case he should die before said Polly M. Randall; and that the money arising from the proceeds of said premises to the extent of $1,000 was to be taken by said Polly M. Randall and invested in such Nebraska lands, of which she was to have the life use as representing her dower interest in the Wisconsin land, the ultimate interest and title to said land going to said Ellis Brown and his heirs; that said Ellis Brown was the owner of the remainder after the life estate of said Polly M. Brown in said Wisconsin lands as alleged in the petition; that said Ellis Brown never transferred, released or discharged his interest in said lands or either tract thereof; that said agreement was not in writing and rested solely in parol, and, contrary to the terms thereof, said Polly M. Randall purchased said Nebraska lands and took title in her own name, and said contract was the sole inducement and consideration for the transfer of said land upon which the dower interest rested in the state of Wisconsin, with-

out which the transfer would not have been made; that said Ellis Brown, remainderman, died several years prior to the decease of said Polly M. Randall, and that this witness claims no interest in said land." Objection was made to this question, and sustained by the court, and complaint is made of this ruling.

For many years the rule has obtained in this state that alleged erroneous rulings in the trial of a case in the court below regarding the rejection or admission of evidence will not, in proceedings by appeal, be reviewed in this court. *Ainsworth v. Taylor*, 53 Neb. 484; *McLain v. Maricle*, 60 Neb. 353. This rule is based upon the theory that the party appealing is content to retry the case in the supreme court upon the evidence actually considered by the district court. Aside from the offer of evidence which was rejected by the trial court there is nothing in the record to support the claim of the plaintiff, and, even if the rejected evidence had been received, it lacks one material element to support the claim of the plaintiffs, viz., that the proceeds of the Wisconsin land was invested in the land in controversy in this action. From anything that appears in the offer of proof made by the appellants, it may well be presumed that this particular 160 acres in controversy was purchased with money obtained by Mrs. Randall from her second husband, or from resources of her own which had no connection with the Wisconsin land.

It is recommended that the decree of the district court be affirmed.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.