GEORGE LINDEMAN, APPELLEE, V. GRANT CORSON ET AL., APPELLANTS.

FILED APRIL 17, 1913.   No. 17,165.

1. **Schools and School Districts:** REMOVAL OF SCHOOLHOUSE: INJUNCTION. In an action by injunction brought to restrain officers of a school district from removing a schoolhouse situated in the district to another location, the right of plaintiff to maintain the action is established, if it appears that he is a resident taxpayer

of the district, and the proposed removal, if unauthorized, would involve a waste and unwarrantable expenditure of public funds; and no other or greater interest need be shown. *McLain v. Maricle*, 60 Neb. 353.

2. ——: ——: ——: PLEADING: SUFFICIENCY. In such a case an allegation in the petition that the schoolhouse was built and is supported by taxes levied upon the taxable property of the school district sufficiently avers the ownership of the district.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Wilbur F. Bryant* and *R. J. Millard*, for appellants.

*B. Ready* and *P. F. O'Gara*, contra.

BARNES, J.

Action in the district court for Cedar county, brought by a taxpayer, a resident of the school district, to restrain the members of the school board from removing the schoolhouse situated in the district to another location. A restraining order was granted by the county judge, and the defendants filed a motion asking the district court to set aside that order. The motion was overruled, and the defendants excepted. The cause was then tried on its merits. The plaintiff had the decree, and the defendants have appealed.

Appellants contend that the court erred in overruling their motion to dissolve the restraining order, and argue, in support of their contention, that the amended petition was insufficient to state a cause of action, in that it did not show that plaintiff had no adequate remedy at law; that it was not alleged that the defendants were insolvent and not able to respond in an action for damages, or that the bond of the treasurer of the district was insufficient. A like question was before this court in *Solomon v. Fleming*, 34 Neb. 40. It was there said: "A court of equity will, on the application of resident taxpayers, restrain public officers from doing an illegal act, where the effect of such act, if consummated, would be a waste of public

funds raised by taxation." *McLain v. Maricle,* 60 Neb. 353, is a case directly in point. There it was attempted to remove the schoolhouse in a certain district to another location. An injunction was sought, and on appeal to this court it was said: "In an action by injunction, brought to restrain officers of a school district from removing to another location a schoolhouse situated in said district, the right of plaintiffs to maintain the action is established, if it appears that they are resident taxpayers of the district, and the proposed removal, if unauthorized, would involve a waste and an unwarranted expenditure of public funds; and no other or greater interest need be shown." The allegations of the petition in the instant case are sufficient to bring it within the rule above stated.

It is further contended that it was not alleged that the schoolhouse was the property of the district, and that, for all that appears upon the face of the petition, it might have been private property. From an examination of the petition we find that it was alleged that the schoolhouse (describing it) was built and is supported by taxes levied on the taxable property in said district; that the schoolhouse existed and has been standing for more than 20 years on its present site. It is argued that those allegations were not sufficient to establish, even *prima facie,* the ownership of the school district. An allegation that the schoolhouse was built and supported by taxes levied on the taxable property in the school district clearly shows that the district owned the schoolhouse at the time it was built, and it will be presumed that it remained the property of the school district until the contrary appears. Upon this point the petition should be held sufficient, and, especially so when it is assailed after judgment.

It was stated on the argument that the case at this time presents a moot question, because, since the action was commenced, the schoolhouse has been removed to another site in compliance with a vote of the majority of the electors of the district. We have concluded, however, to determine the questions presented, for the reason that there remains the question of costs.

As we view the record, the judgment of the district court was right, and it is therefore

AFFIRMED.

REESE, C. J., LETTON and SEDGWICK, JJ., concur.

ROSE, FAWCETT and HAMER, JJ., not sitting.