## LAWSON, Appellant, v. HAMMOND, Respondent.

**St. Louis Court of Appeals, May 22, 1906.**

HOMESTEAD: Abandonment. Where an execution defendant had moved away from his homestead prior to the levy of an execution thereon, evidence that he removed only temporarily with the intention of returning, that he left some furniture in the house with his mother in charge a while after his departure, was sufficient to sustain a finding by the trial court that the homestead was not abandoned.

Appeal from Ralls Circuit Court.—*Hon. John Megown,* Special Judge.

AFFIRMED.

*G. W. Whitecotton* for appellant.

*E. W. Nelson* for respondent.

GOODE, J.—This is an appeal from a judgment sustaining a motion filed by the defendant to quash the levy of an execution. The writ had been levied on a farm in Ralls county as the property of defendant. The ground of the motion to quash was that the farm was defendant's homestead. This court transferred the cause to the Supreme Court on the supposition that it involved the title to real estate; but it was remanded by the Supreme Court for our determination. We based our order of transfer on two decisions of the Supreme Court: McAnaw v. Matthis, 129 Mo. 142, 31 S. W. 344; and Stinson v. Call, 163 Mo. 323, 63 S. W. 729. These decisions were disapproved in the present case. [Lawson v. Hammond, 191 Mo. 522, 90 S. W. 431.]

It is assigned for error that defendant put in evidence no deed conveying the property in question to him, and hence his claim that it was his homestead and exempt from execution, should not have been allowed. This assignment invokes the statute which provides that a homestead shall be subject to attachment and levy of execution for all causes of action existing at the time it was acquired, and that the date of its acquisition is the date of the filing for record of the claimant's deed to it if he holds title under a deed, or when he holds title by descent or devise, from the time the title became vested in him. [R. S. 1899, sec. 3622.] The record is silent as to whether defendant's title to the premises was acquired by grant, devise or inheritance. In other particulars the record is quite incomplete, as was pointed out by the Supreme Court. It contains neither plaintiff's judgment nor the execution issued on it. Hence, as there is nothing to show the date of the judgment or the accrual of plaintiff's demand, or the date when defendant acquired his homestead, no comparison of the dates is possible in order to determine if the land is exempt from execution for plaintiff's demand. The Su-

preme Court stated that only because of the concessions made by the counsel of the respective parties in their briefs, could some matters essential to the determination of the cause be noticed. Though it neither appears of record that the homestead was acquired anterior to the accrual of plaintiff's cause of action or subsequent, it does appear that this was not a controverted point. The testimony shows the issue between the parties was not whether defendant had acquired a homestead as against plaintiff's claim, but whether he had abandoned it. All the testimony introduced by plaintiff was directed toward proving defendant had abandoned the farm which he had previously occupied as a homestead, and all introduced by defendant toward proving he had not abandoned it. Defendant was the head of a family, owned this farm in Ralls county, and had lived on it as his homestead, but sometime before the levy had moved to Hannibal, in Marion county. Those facts were undisputed, and the controversy was as to whether or not when he moved, he intended to keep the farm for a home and return to it. The conclusion to be drawn from defendant's testimony is that a failure of the crops on the farm the year of his removal had forced him to go to Hannibal to seek other employment by which he might earn a livelihood. He left some furniture in the house and his mother stayed in it awhile after his departure, but afterwards joined him in Hannibal. Defendant testified positively that he expected to return to the farm as soon as he could make a living there; that he had never intended to leave it permanently. The evidence for plaintiff consisted of the testimony of witnesses concerning declarations they had heard defendant utter that he did not intend to go back to the farm. A pure issue of fact was raised by the evidence concerning defendant's purpose when he went to Hannibal. This issue was determined by the trial court in his favor on substantial proof and without any request for declarations of law.

We will not disturb the finding. [Duffey v. Willis, 99 Mo. 132, 12 S. W. 520.] The sheriff gave plaintiff no notice of his exemption right before making the levy.

It is ordered that the judgment quashing the levy of execution be affirmed. All concur.