### HIRSCH v. PRESCOTT et al.[1]

(Circuit Court, E. D. Virginia. October 4, 1881.)

HOMESTEAD—RIGHTS OF CREDITORS—VIRGINIA LAWS.

In the absence of any provision in the Virginia statutes relating to homestead exemption, for the tying up of the homestead, if personalty or money, in the debtor's hands for the ultimate benefit of creditors, it would seem to be the legislative intent to make it a fee in his hands. In any event, a federal court should not, by judicial legislation, attempt to supply what seems an intentional omission of the legislature.

This was a bill in equity by one Hirsch, a nonresident creditor of defendant Prescott, in behalf of himself and other creditors, to enforce the proper execution of a deed of trust made by Prescott. This deed provided for the sale of the property conveyed by it, and contained a clause requiring that, out of the proceeds, there should be reserved the homestead of $2,000, which is secured by the Virginia constitution and laws to householders and heads of families. The remainder of the fund was then to be distributed to creditors in a prescribed manner. The bill sought, among other things, to subject to the claims of creditors a reversion in this $2,000 after expiration of the rights of the home-

---

[1] This case has been heretofore reported in 4 Hughes, 436, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

stead beneficiaries; and for that purpose prayed that the fund be invested, the income paid to said beneficiaries, and the principal secured to the creditors whenever the use should terminate. The Virginia constitution provides as follows:

"Every householder or head of a family shall be entitled in addition to the articles now exempt from levy or distress for rent, to hold exempt from levy, seizure, garnisheeing, or sale under any execution, order, or other process, issued on any demand for any debt heretofore or hereafter contracted, his real and personal property, or either, including money and debts due him, whether heretofore or hereafter acquired or contracted, to the value of not exceeding $2,000, to be selected by him," etc. Article 11, § 1.

In section 5, art. 11, the constitution directs that:

"The general assembly shall, at its first session under this constitution, prescribe in what manner and on what conditions the said householder or head of a family shall hereafter set apart and hold for himself and family, a homestead out of any property hereby exempted, and may, in its discretion, determine in what manner and on what condition he may thereafter hold, for the benefit of himself and family, such personal property as he may have, and coming within the exemption hereby made. But this section shall not be construed as authorizing the general assembly to defeat or impair the benefits intended to be conferred by the provisions of this article."

In Code 1873, c. 183, § 8, the legislature enacted as follows:

"The homestead provided in this act shall continue after his death, for the benefit of the widow and children of the deceased until her death or marriage, and after her death or marriage, for the exclusive benefit of his minor children, until the youngest child become 21 years of age; after which period it shall pass, according to the law of descents, as other real estate, or as may be devised by said householder, not being subject to dower, yet subject to all the debts of the said householder or head of the family."

HUGHES, District Judge. The statute law of Virginia does not seem to give the courts any power to intercept from the householder or head of a family, who originally claims a homestead, the property or money exempted to him, but, in prescribing the manner and conditions of holding the homestead, has wholly omitted such a provision. I doubt the power of any court, in the silence of the statute law, to embark upon a system of judicial legislation to supply what seems an intentional omission of the legislature. I think it would be quite unseemly in a federal court to do so. The legislature of Virginia, in giving to the head of a family power to waive the homestead, and in wholly omitting to provide that, or how, it shall, if personalty or money, be tied up in his hands, for the benefit of succeeding beneficiaries of the exemption, and finally of creditors, has seemed to have intentionally constituted it a fee in his hands, and to have left it subject to his will.

In the present case it is wholly unnecessary for the federal court to interfere in the matter. It is just as competent for the creditors to petition for the action they desire in the proper state court as in this; and I will leave them, if they have any remedy, to pursue it there.