Barclay, J.
This appeal is designed to review certain proceedings of the Clinton circuit court, by which the latter set aside a sale of real estate to the plaintiff. The sale 'was made upon execution issued from the circuit court on a transcript of a judgment given by a justice of the peace.
The facts out of which the controversy grows are as follows:
December 22, 1891, plaintiff, Mr. McAnaw, obtained a judgment for $217 against defendant, Mr. Matthis, upon an account. The judgment was duly rendered by a justice of the peace in Clinton county, after a jury trial in which both parties participated. The judgment was in ordinary form for the recovery of the sum named, together with costs, and it ordered execution to issue thereon.
December 31, 1891, the defendant filed an affidavit and bond for appeal from the justice to the circuit court, which appeal was allowed; and an order was made by which the execution, meanwhile issued (December 26, 1891) to the constable, was “recalled.”
January 5, 1892, a transcript of the foregoing judgment was filed in the clerk’s office of the Clinton circuit court.
January 12, 1892, the plaintiff, as the then appellee, entered his appearance in the cause in the circuit court. At the same (January) term, that court on *148 motion ordered defendant to file an additional appeal bond thirty days before the next term of the court, to be approved by the clerk.
In the record of the following term (May 21,1892) of the circuit court this entry occurs:
“J. J. McAnaw vs. Samuel Matthis, Jr. Comes now the plaintiff in the above entitled cause by' his attorney, and it appearing to the court that the defendants have failed to file their bond for costs, as they were ordered to do, the court dismissed the appeal, wherefor it is ordered and adjudged by the court that defendant take nothing by their appeal, but that the judgment of the justice be in all things confirmed and approved.”
August 4, 1892, the execution now in question was issued from the circuit clerk’s office upon the transcript of the justice’s judgment as originally filed. The execution was then levied upon certain specified lots in the city of Cameron in that county, and the lots were ultimately sold, after due publication of notice, September 12, 1892, and plaintiff became the purchaser, as the highest bidder, for $500.
On the day of, and before, the sale (according to the statement in the sheriff’s return), defendant filed a motion in the circuit court to quash the execution because there was “no judgment upon which to base the execution.”
September 14, 1892, an amended motion was filed to set aside the sheriff’s sale and quash the execution, assigning the following grounds:
“First. Because the court erred in not sustaining defendant’s motion to quash the execution issued out of the clerk’s office in favor of the plaintiff and against defendant.
“ Second. Because there is no judgment upon which the execution on which the sale was made can be based.
*149 “Third. Because the judgment mentioned and described in said execution was dissolved by the appeal which the defendant took in said suit.
“Fourth. Because the judgment against defendant, after defendant’s appeal to the circuit court, was a nullity and was insufficient to authorize execution, out of the clerk’s office.
* ‘Fifth. Because there was no notice of the issuance of said execution served upon the defendant.
“Sixth. Because said execution was issued without authority of law and is irregular and void.”
When this motion came on to be heard, the facts already recited were put in evidence.
It was also shown that the execution issued by the justice, December 26, 1891, was returnable in ninety ■days, and that it had been returned “not satisfied,” by the constable, March 25, 1892, “not finding any property on which to levy,” etc.
It was also shown that an affidavit was, filed, August 4, 1892, in the clerk’s office, to the effect that ■defendant was not, and had not been for three months past, a resident of Clinton county.
There was evidence offered on the hearing of the motion to the same effect, touching the nonresidence of defendant.
On these facts the trial court set aside the sale. The plaintiff then duly appealed to • the Kansas City court of appeals. That court sent the case here on the ground that title to real estate was involved, in which opinion we coincide. Const. 1875, art. 6, sec. 12.
An objection has been presented, attacking the sufficiency of some exceptions taken by the plaintiff in the trial court. In order to preserve the exact language on which that objection rests, we copy that part of the bill of exceptions, viz.:
*150 “There was no further evidence offered hy either party.
“Whereupon the court sustained said motion to set aside the sheriff’s sale, which said judgment of the court sustaining said motion is in words as follows:
“John J. MeAnaw, against “Samuel Matthis.
, “Now at this day the motion filed herein to set aside sale of real estate is by consent taken up; and the court having heard the evidence and argument of counsel,’ and being sufficiently advised in the premises, sustains said motions'upon the ground that there was no levy under the execution under which the real estate was soid, and for the further reason that there should have been a judgment entered in the circuit court, and execution should have been issued upon such judgment of circuit court, and not upon a transcript judgment.
“To which plaintiff excepted. Thereupon, on the same day, in open court, the plaintiff filed motion for new trial, in words and figures as follows, to wit:
“In the circuit court of Clinton county.
“J. J. MeAnaw, Plaintiff, v. “Samuel Matthis, Defendant.
“Now at this dáy comes above named plaintiff and prays the court to set aside its order or judgment sustaining defendant’s motion to set aside the sale made in the above cause, and to grant a new trial for the reasons: ..
“First. The order and judgment of the court is against the evidence introduced in the cause.
“Second. The order and judgment are against the law.
“J. J. McAnaw and Thomas E. Turney, “Attorneys for Plaintiff.
*151 “Which was by the court taken up and overruled, to which plaintiff excepted. Plaintiff thereupon in open court and on the same day at said term filed affidavit in appeal, and appeal is allowed.
“And by an order of record then and there made in open court, plaintiff is given until on or before the •twelfth day of November, A. D. 1892, to file bill of exceptions.”
1. Upon this record the defendant insists that we should not go into the merits of the motion to set aside the sale, because, as is claimed, it does not appear that the exception to the ruling thereon was taken at the time.
In cases, too numerous to require citation now, it has been stated, generally, that, where an exception is necessary to bring a ruling under scrutiny upon appeal, the exception must be saved when the objectionable ruling is made.
In default of a proper exception, the ruling would, of course, be lost in the oblivion which the presumption of uniformly correct action by the trial court creates.
The Missouri precedents, which assert in broad terms that exceptions must be saved at the time, are mostly (though not exclusively) cases which deal with proceedings in the, course of trials; for example, the admission or exclusion of evidence, the granting or denials of requests for instructions, and the like. Many of those cases exhibit omissions to except in any form. No one that we have been able to find presents for interpretation any such terms of exception as appear in this record.
A bill of exceptions should receive a just and reasonable construction, not necessarily a critical or narrow one.
If it may fairly and naturally be inferred, from the *152 recitals of a bill, that an exception was taken promptly, and immediately after the ruling in question, the exception should be held timely;
The substantial reason for the requirement itself is that the court’s attention may be at once directed to the specific point, so as to have opportunity for correcting the ruling, while correction may be possible; or that the adverse party may be able, if desired, to remove (by other testimony or conduct) the ground of objection, when advised that the point may be pressed for review, and thus to obviate any successful complaint against the ruling. Phelps v. Mayer (1853), 15 How. 160.
In the case at hand, the bill purports to furnish a full recital of the evidence, and of the ruling on the motion to set aside the sale. After doing so, it gives a. connected account of the subsequent proceedings. From this account it appears that the order sustaining' the principal motion, the later motion to review that ruling, the order denying the latter motion, and the plaintiff’s appeal, were all made on the same day. Each of these facts follows upon the one which precedes, in regular succession; and the word “thereupon” is used to describe the closeness of the connection between the events. After each of the adverse rulings, thus connected, it is recited that plaintiff excepted.
It is true that the language usually employed to-express the idea of prompt exception (suchas, “then and there,” “at the moment,” or “immediately”) is wanting in this instance. But we should consider that we departed from the reason of the rule itself, as well as from the spirit which should always give life to the construction of law, were we to hold that the omission of these customary forms was fatal to plaintiff’s appeal when the narrative of events, which the bill gives, conveys to our minds so clear an impression that the rul *153 ings and exceptions closely followed each, other, np to the point of the taking of the appeal.
In one section of the code of procedure (Sec. 2117, R. S. 1889), it is made the duty of courts, in adapting the practice to\ that system, “to distinguish between form and substance.” We believe we do so in holding the exceptions to these motions sufficient.
In so ruling we follow the obvious tendency of remarks made by a number of learned judges, who have had occasion to touch this subject. United States v. Breitling (1857), 20 How. 252; Simpson v. Dall (1865), 3 Wall. 460; Hall v. Harris (1891), 2 S. D. 331 (50 N. W. Rep. 98); Bleiler v. Moore (1894), 88 Wis. 438 (60 N. W. Rep. 792).
2. The plaintiff contends that the learned circuit judge erred in setting aside the sale for any of the reasons assigned in the motion directed to that end. The motion was preserved in the bill of exceptions, and its grounds have been already given. The defendant does not attempt to sustain them all; but relies upon several of them as sound. These we shall take up.
It is insisted that, after the allowance of appeal by the justice, no execution could ever issue from the circuit court, based on his judgment as embodied in the transcript. Defendant claims that the appeal opened the judgment to permit a trial anew to the circuit court, and that the action of the latter court did not vitalize the justice’s judgment.
The judgment entered in the circuit court we interpret as a judgment of dismissal of the appeal. It does not purport to be a judgment of affirmance such as is contemplated by section 6349 (R. S. 1889). It does, indeed, declare, at the close, that the judgment of the justice be “confirmed and approved;” but, reading it as an entirety, we think its intent to dismiss the appeal and reinstate the first judgment is plain. *154 However it be viewed, we hold that it justified and supported the proceedings to enforce the justice’s judgment, after the dismissal became final.-
When the appeal was finally dismissed, the original judgment came into force again, by virtue of the principles of our system of procedure, which have been elucidated in Lewis v. Railroad (1875), 59 Mo. 495. It is true that a justice’s judgment is distinguishable from a judgment of the circuit court (considered in that case) in that the former is opened up for a new trial of the cause if the appeal becomes ultimately operative; but if the appeal be dismissed finally, the first judgment is then good, for what it is worth as it stood originally; or, at least, it forms a sound basis on which to found an execution to enforce it, in the court where a transcript thereof has been filed, which is the question now before us.
We conclude that the execution had a sufficient foundation in the original judgment of the justice.
3. It is further argued that no notice of the execution was given to defendant, and for that reason that the sale is invalid.
No such notice is required by law where the defendant in the execution does not reside in the county at the time the process issues. R. S. 1889, sec. 6287; Huhn v. Lang (1894), 122 Mo. 600 (27 S. W. Rep. 345).
In the case at bar the execution recited “that the defendant is not a resident of Clinton county.” Beyond that recital, the process should be taken as properly Out, until the contrary appears.
No evidence of any kind was offered, on the hearing of the motion, tending to prove that defendant did reside in the county when the execution issued. On the contrary, affirmative testimony was then submitted to show his nonresidence.
*155 It is also claimed that the appeal to this court should be dismissed because the order setting aside the execution sale, etc., is not sufficiently final to sustain an appeal. It is unnecessary to discuss the merits of that claim further than to say that we regard the order or decision in question as a “special order after final judgment,” in the cause. As such it will support an appeal, under the terms of the act of 1891 (Sess. Laws, 1891, p. 70), which was in force prior to the date when the proceedings before the justice began, November 23, 1891.
It has been, moreover, held, in at least one case (without looking for more), arising before the act of 1891, that this court will review by appeal such an order setting aside a sale on execution. And, though the point now suggested was not expressly decided, the present ruling was then obviously taken for granted. St. Louis v. Brooks (1891), 107 Mo. 381 (18 S. W. Rep. 22).
Having considered all of the objections urged to the execution and to the sale thereunder, and finding none of them tenable, and knowing no other ground on which the circuit ruling can be sustained, we come to the conclusion that plaintiff’s assignment of error is well grounded, and accordingly reverse the order and decision on the motion referred to, and' remand the. cause with directions to the circuit court to overrule the motion; and, further, we adjudge the costs of this appeal against defendant.
Beace, C. J., and Maceaelane and Robinson, JJ., concur.