LAWSON, Appellant, v. HAMMOND.

**Division One, November 22, 1905.**

APPELLATE JURISDICTION: Title to Real Estate: Quashing Execution. From the judgment of the circuit court sustaining a motion to quash an execution levied on a homestead, the appeal is not to the Supreme Court on the ground that title to real estate is involved. The Constitution confers jurisdiction on the Supreme Court on the ground that title to real estate is involved, only in cases where the judgment directly affects the title, and does not confer jurisdiction simply because real estate is attempted to be sold under a judgment which does not itself directly affect the title. It is the judgment which must affect the title, and not the enforcement of the judgment by a sale under execution to satisfy a claim against one who concededly has the title, that confers jurisdiction. [Overruling McAnaw v. Matthis, 129 Mo. 142, and Stinson v. Call, 163 Mo. 323.]

Transferred from St. Louis Court of Appeals.

REMANDED TO ST. LOUIS COURT OF APPEALS.

*G. W. Whitecotton* for appellant.

*E. W. Nelson* for respondent.

MARSHALL, J.—This case was certified to this court by the St. Louis Court of Appeals on the ground that title to real estate is involved in the case, as defined by this court in McAnaw v. Matthis, 129 Mo. 142, and Stinson v. Call, 163 Mo. 323.

As far as can be gleaned from the record the facts are as follows:

On the 28th of October, 1901, the defendant filed a motion in the circuit court of Ralls county "to quash the levy of execution in the above entitled cause," for the reasons: First, that the defendant is a married

man, the head of a family and a resident of Ralls
county; second, that the sheriff of that county had not
apprised him of his rights of exemption; third, that
the sheriff did not summon commissioners to appraise
the land and set out to defendant his exemption;
fourth, that the land is encumbered for $800, and that
the defendant is entitled to exemption out of the equity
of redemption; fifth, that the land consists of only
fifty-three acres; sixth, that the defendant made a re-
quest of the sheriff to set aside his homestead, which
the sheriff refused to do, and that the sale at this
time will cause irreparable loss to the defendant. For
which reason the defendant prayed the court to quash
the levy of execution. The court heard the motion,
and it appeared that the defendant was a married man
and that he lived with his family upon the land as his
homestead until a few months before the hearing of
the motion, when he went to Hannibal with his family,
engaged in the service of the railroad, and left some
of his household goods on the place; and returned to
the place occasionally and worked it.

The contention of the plaintiff was that the de-
fendant had abandoned the homestead and the contro-
verted issue was as to whether or not he had done so.

The trial court quashed the levy of execution.
The plaintiff appealed to the St. Louis Court of Ap-
peals and that court sustained the judgment. Outside
of the statement in the motion to quash that it was a
motion to quash a levy under an execution, and of a
similar statement in the ruling of the court on the
motion, there is nothing in this record to show that
any levy was ever made. The execution and the re-
turn of the sheriff are not included in this record,
neither is there a copy of the judgment under which
the execution was issued. But counsel on both sides
seem to concede that the judgment was rendered by the
circuit court of Ralls county in favor of the plaintiff
and against the defendant, and that the execution was

a general execution, and that a levy had been made on the property, and that the sheriff had not apprised the defendant in the execution of his rights of exemption, nor had he given defendant an opportunity to select the part to be set aside as a homestead; nor had he summoned the commissioners to value and set apart a homestead, although he had requested him so to do. In this state of the record, and these concessions of counsel, the case will be treated as if those facts appear in the record.

## I.

The first question that presents itself for adjudication in this case is as to the appellate jurisdiction of this court. The St. Louis Court of Appeals transferred the case to this court because of the ruling of this court in McAnaw v. Matthis, and in Stinson v. Call, supra. And if the rule laid down therein is a correct rule of law this court has appellate jurisdiction; otherwise, not.

Both of these cases were similar to the case at bar, and this court took jurisdiction of those cases and decided them upon their merits. McAnaw v. Matthis was decided in Division No. 1 of this court at the April term, 1895. In that case the defendant in the execution moved to quash the execution before the sale on the ground that there was "no judgment upon which to base the execution." Before the motion was passed on the sheriff sold the property and thereafter the defendant filed an amended motion to set aside the sheriff's sale and quash the execution, basing it upon these grounds, to-wit: first, that the court erred in not sustaining the motion to quash previously filed; second, that there is no judgment upon which the execution on which the sale was made can be based; third, because the judgment was dissolved by an appeal which the defendant had taken in the original suit;

fourth, because the judgment by reason of the appeal was a nullity and insufficient to authorize the execution; fifth, because there was no notice by the sheriff of the execution served upon the defendant; sixth, because the execution issued without authority of law and was irregular and void.

It appeared that the plaintiff had obtained a judgment against the defendant before a justice of the peace and that the defendant had taken an appeal to the circuit court. Thereafter the appellee entered his appearance in the circuit court and that court on motion of the plaintiff ordered the defendant to give an additional appeal bond within thirty days. The defendant failed to do so and the circuit court dismissed the appeal. In the meantime and pending the appeal in the circuit court, an execution had been issued by the justice and had been returned not satisfied by the constable. After the circuit court dismissed the appeal, the plaintiff caused a transcript of the judgment to be filed in the circuit clerk's office, and sued out an execution thereon from the circuit court and the property of the defendant, which appears to have been his homestead, was levied upon. The circuit court sustained the motion. An appeal was taken to the Kansas City Court of Appeals and that court transferred the case to this court on the ground that title to real estate was involved, and this court said: "In which opinion we coincide."

The question of jurisdiction of this court was disposed of as follows: "It has been, moreover, held, in at least one case (without looking for more), arising before the act of 1891, that this court will review by appeal such an order setting aside a sale on execution. And, though the point now suggested was not expressly decided, the present ruling was then obviously taken for granted. [St. Louis v. Brooks, 107 Mo. 380.]"

The learned judge who wrote that opinion over-

looked the fact that the case of St. Louis v. Brooks fell within the proper appellate jurisdiction of this court, not on the ground that title to real estate was involved, but because the city of St. Louis was a party to the action, and that city being one of the political subdivisions of this State, this court had appellate jurisdiction for that reason. Hence, no question was raised as to the jurisdiction of this court in that case. That case, however, for that reason afforded no authority for holding that this court has appellate jurisdiction in such cases generally on the ground that title to real estate is involved. The court in the McAnaw case then decided the case on its merits.

Stinson v. Call, 163 Mo. 323, was a motion to quash the levy of an execution filed before the sale, on the ground that the property constituted the homestead of the defendant. The case was based upon a judgment of a justice of the peace upon which an execution had been returned *nulla bona* by the constable, and a transcript of the judgment had been filed in the office of the circuit clerk, and an execution issued thereon and levied on the land. The ground of the motion to quash was that the sheriff had not notified the defendant of his exemption, and had not permitted him to claim his homestead. Before the motion was passed on in the circuit court, the sheriff sold the land. After the sale, it seems from the statement in the opinion, that the defendant filed a sort of supplementary motion to quash and set aside the sale. The circuit court sustained the motions to quash the sale. The only thing said in that opinion about the jurisdiction of this court was, "Upon the authority of McAnaw v. Matthis, 129 Mo. 142, jurisdiction of this appeal is vested in this court." This, therefore, is the sole basis for the proposition that this court has jurisdiction in such cases on the ground that title to real estate is involved.

McAnaw v. Matthis was decided in Division No. 1

of this court, while Stinson v. Call was decided by Division No. 2 of this court. Division No. 2 simply followed the ruling of Division No. 1 without undertaking to decide the question of appellate jurisdiction. Therefore whatever error there is in the precedents was created solely by the decision of Division No. 1 in the McAnaw case. Hence, it is competent and proper for Division No. 1 to correct its own error, and it thereby does not collide with the decision of No. 2 in any respect whatever. It is all-important that the decisions of the divisions of this court should be kept in harmony and it is peculiarly proper that neither division should decide a proposition of law contrary to a previous decision of the other division. In such cases the orderly and proper method of procedure is for the division which does not agree with the prior decision of the other division to transfer the case before it to the court in banc, so that the question may come before all the judges and a final and binding rule be promulgated that will be applicable to both divisions.

This case, however, does not call for such a procedure, for Division No. 2 in Stinson v. Call, simply followed the decision of Division No. 1 in McAnaw v. Matthis, and it is therefore competent and proper for Division No. 1 to review its own decision and to overrule it if it is found to be incorrect.

As hereinbefore pointed out, the appellate jurisdiction of this court was held in the McAnaw case to be supported by the decision of this court in St. Louis v. Brooks, and the foregoing analysis of the decision in the latter case shows that it afforded no basis whatever for the conclusion announced in the McAnaw case.

The Constitution (sec. 12, art. 6) gives this court appellate jurisdiction, *inter alia,* "in cases involving title to real estate." More or less confusion may be found, especially in the earlier decisions, as to the

proper meaning of that provision of the Constitution. The later decisions, however, have cleared up much of the earlier confusion and the rule is now well settled "that to give this court jurisdiction under section 12 of article 6 of the Constitution, because the title to real estate is involved, it must appear that the title to real estate will, in some way, be directly affected by the judgment to be rendered in the case. It is not sufficient that the question of title may be incidentally, collaterally or necessarily inquired into to settle the issues. The judgment to be rendered must directly affect the title itself to the real estate. If the judgment rendered by the lower court could be satisfied by the payment of money without affecting the title to real estate, the case would not fall within our jurisdiction under this provision of the Constitution." [Price v. Blankenship, 144 Mo. l. c. 209.]

The rule there laid down has been followed ever since in this State. [Rothrock v. Lumber Co., 146 Mo. 57; Bradley v. Ins. Co., 147 Mo. 634; Edwards v. Railroad, 148 Mo. 513; Force v. Van Patton, 149 Mo. 446; Bethune v. Railroad, 149 Mo. 606; Cox v. Barker, 150 Mo. 424; Bonner v. Lisenby, 157 Mo. 165; Land & Lumber Co. v. Robertson, 158 Mo. 322; Turney v. Sparks, 158 Mo. 365; Bruner Co. v. Klein, 170 Mo. 225; Klingelhoefer v. Smith, 171 Mo. 455; Balz v. Nelson, 171 Mo. 682; Porter v. Railroad, 175 Mo. 96; State ex rel. v. Dearing, 180 Mo. l. c. 63; Christopher v. Savings Assn., 180 Mo. 568; State ex rel. v. Elliott, 180 Mo. 658.]

The last case cited was an appeal from an order overruling a motion to set aside a sheriff's sale of real estate for delinquent taxes. The Kansas City Court of Appeals transferred the case to this court, basing its ruling upon the case of McAnaw v. Matthis, supra. This court there reviewed the ruling in the McAnaw case and pointed out that in the very nature of the case that case could not involve the title to real estate and

distinctly disapproved the same, and distinctly and expressly overruled the case of McAnaw v. Matthis. And after a review of the later authorities which hold to the contrary of the ruling stated in the McAnaw case, this court remanded the Elliott case to the Kansas City Court of Appeals.

This settles the question so far as the McAnaw case is concerned. And inasmuch as Division No. 2 based its assumption of jurisdiction, in Stinson v. Call, solely upon the McAnaw case, that case, with the consent of the judges of Division No. 2, hereby authorized, is not hereafter to be taken as authority for the jurisdiction of this court in cases of this character.

In Balz v. Nelson, 171 Mo. 1. c. 688, it was said: "If the suit was simply to establish or enforce a special taxbill, or a mechanic's or vendor's lien or any other kind of lien, the title to real estate would not be involved [citing cases]. And the reason is that in all such cases the title is necessarily conceded to be in the defendant, for otherwise the plaintiff would not be entitled to a lien against the land in that suit, and therefore no judgment that could be rendered in the case could divest the title out of the defendant. The result of the establishment of the lien on the land and the sale of the land to satisfy the judgment might be that the defendant would lose the land, but the same is true in every case of a judgment against one who owns land. In such case the title to the land passes as the legal result of a sale on execution to satisfy the judgment, but the judgment itself rendered in the case does not strike down a muniment of title or, *ipso facto* and without any execution, divest title from the defendant."

Force v. Van Patton, 149 Mo. 446, was transferred to this court by the Kansas City Court of Appeals on the ground that title to real estate was involved. It was an action to enforce a mechanic's lien. The cir-

cuit court rendered a judgment in favor of the lien, and execution was issued thereon and the defendant filed a motion to quash the execution. It was held that this court had no jurisdiction, and the case was remanded to the Kansas City Court of Appeals on the ground that title to real estate could not be involved in such a proceeding.

Bruner Co. v. Klein, 170 Mo. 225, was an action to enforce a mechanic's lien, and it was held that title to real estate was not involved, and that this court had no jurisdiction of the appeal, and hence the case was transferred to the St. Louis Court of Appeals.

In short, if title to real estate is involved in this case, then it is involved in every case where an execution is issued on a general judgment and levied upon real estate, for in every such case, if the real estate is sold to satisfy the execution, the title will thereby be divested out of the defendant and vested in the purchaser, but such is the effect wherever the property of the defendant is sought to be sold to satisfy the claims of his creditors.

There is a vast difference between a judgment in a case involving title to real estate and an execution under which real estate may be sold. The Constitution, as construed in the later cases, confers appellate jurisdiction on this court on the ground that title to real estate is involved only in cases where the judgment directly affects the title, and does not confer jurisdiction simply because real estate is attempted to be sold under a judgment which does not directly affect the title. In other words, it is the judgment which must affect the title, and not the enforcement of the judgment by a sale under execution to satisfy a claim against one who concededly has the title, that confers jurisdiction.

The Constitution never intended to confer jurisdiction upon this court in such cases. Manifestly, to hold that it did, would be to vest jurisdiction in this

court in nearly every case that is tried in a *nisi prius* court; and the limitations of appellate jurisdiction of this court would be practically useless, for by filing a motion to quash an execution, and taking an appeal from the ruling of the court thereon, an easy and new method would be presented for having this court review the merits of almost every case that is tried in a lower court.

Title to real estate is not involved in this case and therefore this court has no jurisdiction, except to remand the case to the St. Louis Court of Appeals, which is accordingly done.

All concur.