RUBY SPERRY v. ALLIE COOK, Appellant.

**Division Two, December 10, 1907.**

**APPELLATE JURISDICTION: Title to Real Estate: Execution:**
**Homestead.** Where the only issue in the case is whether defend-
ant has a homestead in the real estate which has been seized
and levied upon and advertised for sale under execution, title
to real estate is not so involved as to give the Supreme Court
jurisdiction of the appeal from the order of the court setting
aside an order sustaining a motion to quash the levy of exe-
cution.

Appeal from DeKalb Circuit Court.—*Hon. A. D.*
*Burnes,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Hewitt & Hewitt* for appellant.

*Hubbell & Hubbell* for respondent.

FOX, P. J.—This cause is now pending in this
court upon appeal on the part of the defendant from an
order granting the plaintiff a new trial in the circuit
court of DeKalb county, Missouri.

Preliminary to the consideration of this cause upon
its merits, as disclosed by the record before us, we are
confronted with a motion interposed by the respondent

to transfer this cause to the Kansas City Court of Appeals. The reason assigned in the motion is that the appellant's statement and record filed in this court show that this action is not one involving title to real estate within the meaning of the constitutional provision defining the jurisdiction of the appellate courts of this State. Proceeding to dispose of this motion it will be well to briefly state the nature and character of this action. On the 16th day of March, 1905, there was issued out of the office of the clerk of the circuit court of DeKalb county a certain execution in favor of the plaintiff herein and against this defendant upon a certain judgment in said execution described. Under and by virtue of such execution the sheriff of the county to whom said execution was directed, levied upon and seized all the right, title and interest of the defendant in and to certain real estate, and under and by virtue of said execution and levy aforesaid, the sheriff of said DeKalb county advertised the lands of the defendant, so levied upon and seized, for sale. At the May term, 1905, of the DeKalb Circuit Court the defendant filed his motion praying the court to quash said levy and return under said execution and hold the same for naught, assigning as a reason for such motion and petition that the land of the defendant so levied upon was occupied as a homestead and that it was acquired as a homestead and that at the time of the levy the sheriff neglected to set off, as the law directs, a homestead out of such land and still refuses so to do. This motion coming on to be heard by the trial court, was taken up and after due consideration sustained, and on the 5th day of May, at the May term of said court, the plaintiff filed a motion for a new trial, and on the 9th day of May of the said term of court said motion for new trial was taken up and after due consideration was by the court sustained, and the order made sustaining the motion to quash the execution was ordered set aside and all the

rights of plaintiff restored. The defendant then interposed a motion for rehearing, as well as a motion in arrest of judgment. These motions were taken up and heard and by the court overruled. From the action of the court in granting the plaintiff a new trial defendant prosecutes this appeal.

This is a sufficient indication of the nature and character of the proceeding to enable us to determine the jurisdictional question presented by the motion to transfer to the Kansas City Court of Appeals.

## OPINION.

The same proposition presented by the motion of respondent to transfer this cause to the Kansas City Court of Appeals was in judgment before this court In Banc in Snodgrass v. Copple, 203 Mo. 480, and it was there held that a case presenting the question whether one is entitled to a homestead right in certain land so that it will be exempt from execution, does not involve the title to real estate so as to give the Supreme Court jurisdiction under the provisions of article 6, section 12, of the Constitution of this State. The disclosures of the record in that case were substantially the same as in the case at bar. VALLIANT, J., speaking for this court, exhaustively reviewed all of the authorities upon that question and finally announced the conclusion that the title to real estate was not involved, and therefore this court was without jurisdiction.

If the conclusions reached in that case are to be followed, and we see no valid reason for departing from them, the motion to transfer this cause should be sustained, and it is therefore ordered that this cause be transferred to the Kansas City Court of Appeals. All concur.