In re Estate of WILLIAM STREET, Deceased. DAN-
IEL M. STOUT, etc., Appellant, v. MARY Mc-
CUNE et al., Respondents.

### St. Louis Court of Appeals, May 31, 1910.

JURISDICTION: Supreme Court: Title to Land: Question Involv-
ing Construction of Homestead Laws. Where the point of law
in issue is whether, under the Homestead Statutes of 1895,
the heirs of a deceased took the homestead in fee, free from
the demands of creditors of decedent, or whether it was sub-
ject to be sold for his debts, a question of title to real estate
is involved, and hence the Supreme Court has jurisdiction of
the appeal.

Appeal from the Ralls Circuit Court.—*Hon. David H.
Eby*, Judge.

TRANSFERRED TO SUPREME COURT.

*J. O. Allison* and *E. L. Corwine* for appellant.

*Reuben F. Roy* for respondents.

GOODE, J.—Daniel M. Stout, public administra-
tor of Ralls county, having in charge the estate of Wil-
liam Street, deceased, applied to the probate court of
said county for an order to sell certain real estate
whereof the deceased died seized, to-wit, all of lot 30,
block 9, in the city of New London. The application
showed there were unpaid allowances against the es-
tate, which the personal assets would not suffice to dis-
charge; further, that the deceased left a widow who was
dead when the application was made, and that his only
surviving children and heirs were his two daughters,
Mary McCune and Emma Wood, both residents of Ralls
county. The application for the order was submitted on
the following agreed facts:

"1. That there are unpaid judgments and allowed demands against said estate as is alleged in said application and as fully appears therein.

"2. That the personal property of all kinds left by said deceased, did not exceed in value the sum of $400, and that said deceased left surviving him a widow, who, upon his death, took possession of all said personal property as her own under the statute.

"3. That said deceased died seized and possessed in fee simple of the real estate described in said application as therein alleged.

"4. That said real estate is situated in the city of New London, Missouri, a city of less than ten thousand inhabitants, and comprises less than five acres of ground and did not exceed in value at the time of the death of said deceased the sum of $1500.

"5. That said deceased departed this life on the 31st day of July, 1903, and that his widow departed this life on the ——day of——, in the year 1906.

"6. That said deceased left surviving him as his heirs, his two daughters, both of whom at the time of his death were of full legal age.

"7. That said William Street acquired said land by conveyance by deed dated June 16th, 1890, and filed for record July 16th, 1892, in the office of the recorder of deeds of said Ralls county, and is recorded in said office in book 45, at page 436, and said land was the homestead of said Street from said last named date until his death.

"8. That the indebtedness of said deceased upon which the judgments and allowed demands alleged in said application are based, originated since January 1st, 1896.

"9. That said William Street was the head of a family from said July 16th, 1892, until his death in 1906, and during all said time lived on said land in his residence with his family consisting of his wife and two daughters, to-wit: Emma Wood and Mary McCune,

which last named two were the only children and sole heirs of said William Street, both of said daughters, however, being of full legal age at the time of the death of said William Street, as hereinbefore stated."

The proceeding reached the circuit court where judgment was entered denying the application and thence an appeal was taken to this court. The daughters contested the right to sell the lot for the payment of debts of the deceased, on the ground it was the homestead of the deceased and not subject to sale for his debts. It was held in Snodgrass v. Copple, 203 Mo. 480, 101 S. W. 1090, that the jurisdiction of an appeal from an adjudication on a motion to quash an execution levied on a homestead during the lifetime of the debtor and owner of the homestead, is in the courts of appeals, and not in the Supreme Court. But in Brewington v. Brewington, 211 Mo. 48, 109 S. W. 723, it was sought to partition a homestead before the minor children of the deceased had attained their majority, and it was held the jurisdiction of the appeal was in the Supreme Court. The opinion treated a proceeding affecting the right of the widow and children to a homestead estate after the death of the head of the family, as one involving the title to real estate within the meaning of the constitutional clause lodging jurisdiction of appeals in such cases in the Supreme Court. The point of law at issue in the present case is whether under the Homestead Statutes of 1895, the heirs of the deceased took the homestead in fee free from the demands of creditors of the father, or whether it is subject to be sold for his debts. According to the Brewington case, this controversy is over an estate in land and not over an exemption privilege. Hence the title to real estate is involved, and the cause will be ordered transferred to the Supreme Court. All concur.